# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

|  |  |
|---|---|
| SYNGENTA CROP PROTECTION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WILLOWOOD, LLC, WILLOWOOD<br>USA, LLC, WILLOWOOD<br>AZOXYSTROBIN, LLC, and<br>WILLOWOOD LIMITED,<br><br>Defendants. | Civil Action No. 1:15-cv-274<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Syngenta Crop Protection, LLC ("Syngenta") for its Complaint against Willowood, LLC, Willowood USA, LLC, Willowood Azoxystrobin, LLC, and Willowood Limited (collectively "Willowood") hereby demands a jury trial and alleges as follows:

## NATURE OF THE ACTION

1.     This is an action for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101, et seq.; patent infringement under the patent laws of the United States, 35 U.S.C. § 1 et seq.; unfair and deceptive trade practices under the laws of the State of North Carolina; and such other relief as this Court deems just and proper. Briefly, Syngenta alleges, among other things, that Willowood's Azoxy 2SC and AzoxyProp Xtra products each infringe certain Syngenta patents relating to azoxystrobin and methods of making azoxystrobin. Syngenta further alleges that in labeling its

products Willowood has copied, and infringes, Syngenta's copyrighted product labels. Indeed, in some instances, the Azoxy 2SC label that Willowood submitted to the EPA mistakenly continued to reference Syngenta. For example, in a label Willowood submitted to the EPA, Willowood states: "Willowood Azoxystrobin 2.08SC (azoxystrobin) is a Group 11 fungicide. . . . **Syngenta** encourages responsible resistance management to ensure effective long-term control of the fungal diseases on this label." Although Willowood corrected these references in its current Azoxy 2SC label, Willowood continues to use the language of Syngenta's QUADRIS® Flowable Fungicide label as its own. Willowood's conduct, as alleged in detail below, constitutes copyright infringement, patent infringement, and unfair and deceptive trade practices.

## PARTIES

2.      Syngenta Crop Protection, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 410 South Swing Road, Greensboro, North Carolina 27409-2012. Syngenta is a world-leading agribusiness involved in the research, development, manufacture, and sale of fungicides, herbicides, insecticides, and other crop protection products.

3.      Willowood USA, LLC is a limited liability company organized and existing under the laws of the State of Oregon, with its principal place of business at 1600 NW Garden Valley Blvd., Ste 120, Roseburg, Oregon 97471.

4.      Willowood Azoxystrobin, LLC is a limited liability company organized and existing under the laws of the State of Oregon, with its principal place of business at 1600 NW Garden Valley Blvd., Ste 120, Roseburg, Oregon 97471.

5.     Willowood, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 1600 NW Garden Valley Blvd., Ste 120, Roseburg, Oregon 97471.

6.     Willowood Limited is a Hong Kong limited company with its principal place of business at 17th Floor, Seaview Plaza, Shau Kei Wan Road, Shau Kei Wan, New Territories 283, Hong Kong.

## JURISDICTION AND VENUE

7.     This Court has exclusive subject matter jurisdiction over Syngenta's claims of copyright and patent infringement pursuant to federal question jurisdiction, 28 U.S.C. §§ 1331, 1338(a), the copyright laws of the United States, 17 U.S.C. § 101, et. seq., and the patent laws of the United States, 35 U.S.C. § 1 et seq.

8.     This Court has supplemental jurisdiction over Syngenta's state law claim pursuant to 28 U.S.C. § 1367 because the state law claim arises out of the same case or controversy as Syngenta's claims of copyright and patent infringement.

9.     This Court has personal jurisdiction over Willowood USA, LLC, Willowood Azoxystrobin, LLC, Willowood, LLC, and Willowood Limited because they have committed acts of copyright and patent infringement in this judicial district, have systematic and continuous contacts in this judicial district, regularly transact business within this judicial district, and regularly avail themselves of the benefits of this judicial district.

10.     On June 16, 2014, Willowood USA, LLC announced in a press release that the United States Environmental Protection Agency ("EPA") had "approved it[s]

3

technical and end use registrations for Willowood Azoxy 2SC and Willowood AzoxyProp Xtra," which are among the products at issue in this action  According to Willowood USA, LLC's press release, "State registrations for Willowood Azoxy 2SC are already in place in key use areas," and "State registrations for Willowood Azoxy[Prop] Xtra are soon to follow."  Willowood USA, LLC further referenced its production plans in its press release and indicated that it "anticipate[d] having product available for sale in the coming weeks."  A true and correct copy of the June 16, 2014 Press Release is attached to this Complaint as Exhibit 1.

11.     Willowood, LLC has registered the Azoxy 2SC product in the State of North Carolina with the North Carolina Department of Agriculture and Consumer Services.  A true and correct copy of the state registration is attached to this Complaint as Exhibit 2.

12.     The product label for Azoxy 2SC states that Willowood USA, LLC is a distributor of Azoxy 2SC in the United States.  A true and correct excerpt of the product label for Azoxy 2SC is attached to this Complaint as Exhibit 3.

13.     The product label for AzoxyProp Xtra states that Willowood Azoxystrobin, LLC is a distributor of AzoxyProp Xtra in the United States.  A true and correct excerpt of the product label for AzoxyProp Xtra is attached to this Complaint as Exhibit 4.

14.     Upon information and belief, Willowood USA, LLC, Willowood Azoxystrobin, LLC, and Willowood, LLC sell or offer for sale the Azoxy 2SC and AzoxyProp Xtra products in North Carolina through sellers such as FarmTrade.com, which is based out of Cary, North Carolina.  Attached as Exhibit 5 to this Complaint is a

4

true and correct copy of an email from FarmTrade.com, dated February 18, 2015, purporting to offer for sale AzoxyProp Xtra.  The Azoxy 2SC and AzoxyProp Xtra products are likewise available for sale through the FarmTrade.com website, a true and correct printout of which is attached to this Complaint as Exhibit 6.

15.    Upon information and belief, Willowood USA, LLC, Willowood Azoxystrobin, LLC, and Willowood, LLC sell or offer for sale numerous other crop protection products in the State of North Carolina and in this judicial district, including Bentazon 4, Clethodim 2EC, Dicamba 4, Diuron 4SC, Fomesafen 2SL, Imidacloprid 4SC, Lambda-Cy 1EC, Mepi Chlor 4.2%, Paraquat 3SL, and Pronamide 3.3SC.

16.    Willowood Limited's website indicates that that it supplies agrochemical products to affiliates around the world, including in the United States.  A true and correct print out from Willowood Limited's website is attached as Exhibit 7.  Upon information and belief, Willowood Limited is involved in importing or otherwise supplying azoxystrobin to Willowood USA, LLC, Willowood Azoxystrobin, LLC, and/or Willowood, LLC throughout the United States, in the State of North Carolina, and in this judicial district.

17.    Upon information and belief, and as set forth below, Willowood USA, LLC, Willowood Azoxystrobin, LLC, Willowood, LLC, and Willowood Limited infringe Syngenta's copyrighted product label by using infringing product labels throughout the United States, in the State of North Carolina, and in this judicial district.

18.    Upon information and belief, and as set forth below, Willowood USA, LLC, Willowood Azoxystrobin, LLC, Willowood, LLC, and Willowood Limited further

5

infringe Syngenta's patent rights by collectively making, using, importing, offering for sale, and selling Azoxy 2SC and AzoxyProp Xtra throughout the United States, in the State of North Carolina, and in this judicial district.

19.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND

### Syngenta's Intellectual Property

20.     Beginning in the 1980s, Syngenta and its predecessors have spent significant resources researching and ultimately developing azoxystrobin, a break-through fungicidal chemical, which effectively controls fungal growth and enhances the yield of a variety of plants, including cereals such as wheat and barley as well as in vines, fruits, vegetables, bananas, rice, soybeans, corn, turf, and ornamentals.  Since the first commercial introduction in 1997, Syngenta and its predecessors have manufactured, marketed, and sold azoxystrobin products under the ABOUND®, HERITAGE®, QUILT®, QUILT XCEL® and QUADRIS® trade names. These products have been widely adopted and successful.  Syngenta further supplies azoxystrobin to third-party manufacturers and distributors across the world.

21.     To protect its intellectual property, Syngenta and its predecessors applied for and obtained patents directed to not only the azoxystrobin chemical compound but also various processes for manufacturing azoxystrobin, as set forth in, for example, U.S. Patent Nos. 5,602,076; 5,633,256; 5,847,138; and 8,124,761 (collectively "the Patents-in-Suit").

6

22.     U.S. Patent No. 5,602,076 ("the '076 Patent"), entitled "Certain Fungicides, Pesticides and Plant Growth Regulants," was duly and legally issued by the U.S. Patent and Trademark Office ("USPTO") on February 11, 1997.  A true and correct copy of the '076 Patent is attached to this Complaint as Exhibit 8.  The '076 Patent is assigned to Syngenta Limited, which in turn has exclusively licensed the '076 Patent to Syngenta Crop Protection, LLC.  Syngenta Crop Protection, LLC possesses all substantial rights necessary to bring this suit for infringement of the '076 Patent.

23.     U.S. Patent No. 5,633,256 ("the '256 Patent"), entitled "Certain Pyrimidinyloxy-Phenyl Acrylates, Derivatives Thereof and Their Fungicidal Use," was duly and legally issued by the USPTO on May 27, 1997.  A true and correct copy of the '256 Patent is attached to this Complaint as Exhibit 9.  The '256 Patent is assigned to Syngenta Limited, which in turn has exclusively licensed the '256 Patent to Syngenta Crop Protection, LLC.  Syngenta Crop Protection, LLC possesses all substantial rights necessary to bring this suit for infringement of the '256 Patent.

24.     U.S. Patent No. 5,847,138 ("the '138 Patent"), entitled "Chemical Process," was duly and legally issued by the USPTO on December 8, 1998.  A true and correct copy of the '138 Patent is attached to this Complaint as Exhibit 10.  The '138 Patent is assigned to Syngenta Limited, which in turn has exclusively licensed the '138 Patent to Syngenta Crop Protection, LLC.   Syngenta Crop Protection, LLC possesses all substantial rights necessary to bring this suit for infringement of the '138 Patent.

25.     U.S. Patent No. 8,124,761 ("the '761 Patent"), entitled "Process for the Preparation of Azoxystrobin Using DABCO as a Catalyst and Novel Intermediates Used

7

in the Process," was duly and legally issued by the USPTO on February 28, 2012. A true and correct copy of the '761 Patent is attached to this Complaint as Exhibit 11. The '761 Patent is assigned to Syngenta Limited, which in turn has exclusively licensed the '761 Patent to Syngenta Crop Protection, LLC. Syngenta Crop Protection, LLC possesses all substantial rights necessary to bring this suit for infringement of the '761 Patent.

26.    Before introducing azoxystrobin products into the market, Syngenta and its predecessors invested significant resources engaging in the long and arduous process of developing product labels and acquiring the necessary regulatory approvals.

27.    The labels, which are attached to, or included within, the product container, generally consist of multi-page pamphlets that describe the uses of the product, instructions for its use, and required warnings.

28.    The process of creating a product label involves creativity, time, and money, and reflects many years of careful product development, testing, and stewardship.

29.    In June 1997, Syngenta and its predecessors registered with the EPA the technical grade of the azoxystrobin active ingredient and end-use products using azoxystrobin as a flowable fungicide, along with the product label, initially under EPA Registration No. 10182-415 and later under EPA Registration Nos. 100-1098, 100-1222, and 100-1324 (among others). Since the initial registration, Syngenta and its predecessors have drafted, applied for, and successfully received approval for numerous amendments to the product labels to accommodate, among other things, further uses and applications of azoxystrobin.

30.     On November 7, 2013, the EPA approved Syngenta's most recent change to the label under EPA Registration No. 100-1098, which corresponds to Syngenta's QUADRIS® Flowable Fungicide product.  A true and correct copy of the current QUADRIS® Flowable Fungicide label is attached to this Complaint as Exhibit 12.  The QUADRIS® Flowable Fungicide label comprises 54 pages of small type, containing specific and detailed directions for use, directions for storage and disposal, information about application rates, precautionary statements and narrative text describing first-aid instructions and environmental, physical and chemical hazards.

31.     Syngenta and its predecessors have spent nearly 18 years, including conducting over 8,000 trials, in the process of developing the current QUADRIS® Flowable Fungicide label

32.     On March 25, 2015, Syngenta registered the QUADRIS® Flowable Fungicide label with the U.S. Copyright Office ("UCO") under UCO Registration No. TX0007992684.  A true and correct copyright registration record for the QUADRIS® Flowable Fungicide label is attached as Exhibit 13.

33.     On September 14, 2014, the EPA approved Syngenta's most recent change to the label under EPA Registration No. 100-1324, which corresponds to Syngenta's QUILT XCEL® Fungicide product.  A true and correct copy of the current QUILT XCEL® Fungicide label is attached to this Complaint as Exhibit 14.  The QUILT XCEL® Fungicide label comprises 29 pages of small type, containing specific and detailed directions for use, directions for storage and disposal, information about application rates,

9

precautionary statements and narrative text describing first-aid instructions and environmental, physical and chemical hazards.

34.     Syngenta its predecessors have spent nearly 9 years, including conducting over 1,400 trials, in the process of developing the current QUILT XCEL® label

35.     On March 27, 2015, Syngenta registered the QUILT XCEL® Fungicide label with the U.S. Copyright Office under UCO Registration No. TX0007994113.

## Willowood's EPA Registration of Azoxy 2SC

36.     On August 13, 2013, Willowood filed an end-use product application with the EPA ("EPA Application") to register Azoxy 2SC (also called Azoxy 2.08SC).

37.     Azoxy 2SC comprises azoxystrobin fungicide as the active ingredient.

38.     Generally, an entity seeking to register a pesticide product with the EPA must submit data showing that the product it proposes to register meets the rigorous scientific and regulatory requirements under the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").

39.     Instead, on August 13, 2013, Willowood submitted with its EPA Application a certification that it met the Formulators' Exemption to the FIFRA data requirements ("Formulators' Exemption Certification").  A true and correct copy of the publicly available version of Willowood's Formulators' Exemption Certification is attached to this Complaint as Exhibit 15.

40.     The Formulator's Exemption, as set forth in 40 C.F.R. § 152.85, "excuses an applicant from the requirement to submit or cite data pertaining to any pesticide

10

contained in his product that is derived solely from one or more EPA-registered products which the applicant purchases from another person."

41.      In its Formulators' Exemption Certification, Willowood certified that the azoxystrobin found in its product "is present solely as the result of the use of . . . another product which contains that [azoxystrobin,] . . . is registered under FIFRA Section 3, is purchased by us from another person and meets the requirements of [the Formulators' Exemption]."   (*See* Exhibit 16.)   In the same certification, Willowood specifically disclosed to the EPA the registered source of azoxystrobin from which Willowood claimed to have purchased azoxystrobin for such use.  (*See id.*)  Upon information and belief, the registered source that Willowood specifically disclosed to the EPA was Syngenta.

42.      In a transmittal letter dated August 13, 2013 that Willowood submitted in connection with its EPA Application, Willowood claimed that its Azoxy 2SC product "is substantially similar to a currently registered product (EPA Reg. No. 100-1222)," which is Syngenta's EPA registration for azoxystrobin.  A true and correct copy of the August 13, 2013 transmittal letter is attached to this Complaint as Exhibit 16.

43.      Willowood further claimed in its transmittal letter that it need not submit a comprehensive set of data as required by FIFRA because it obtained azoxystrobin from an existing source of registered azoxystrobin:

> Willowood, LLC believes this application falls under Category R200 (44) since Willowood Azoxystrobin 2.08SC is a new product, substantially similar in composition and use to a registered product, only product chemistry data are being submitted to support the application for registration and the cite-all option under the selective method is being used

to support product specific acute toxicity data requirements. In addition, **the technical source of active ingredient is based on a registered source of supply** and therefore, Willowood Azoxystrobin 2.08SC qualifies for Formulators Exemption for azoxystrobin generic data requirements.

(Exhibit 17 at 2 (emphasis added).)

44.     Upon information and belief, in order to secure its product registration, Willowood falsely represented to the EPA in its application that "the technical source of active ingredient is based on a registered source of supply." (*See id*.)

45.     At the time Willowood submitted its EPA Application and Formulators' Exemption Certification, Syngenta was the only registered source of azoxystrobin technical.

46.     Willowood did not seek approval from Syngenta to use azoxystrobin sourced from Syngenta in its Azoxy 2SC product.

47.     Willowood did not seek approval from Syngenta to use azoxystrobin sourced from Syngenta in generating and submitting data to the EPA.

48.     Willowood did not use, or have an agreement or right to use, azoxystrobin sourced from Syngenta in its Azoxy 2SC product at the time it submitted its EPA application.

49.     Willowood does not currently use azoxystrobin sourced from Syngenta in its Azoxy 2SC product.

50.     Willowood has never used azoxystrobin sourced from Syngenta in its Azoxy 2SC product.

51.     After performing a "Similarity Screen," the EPA initially concluded in an email to Willowood, dated August 22, 2013, that Willowood's Azoxy 2SC "product is not substantially similar to EPA Reg. No. 100-1222," corresponding to Syngenta's registration of azoxystrobin.  A true and correct copy of the EPA's Report from the "Similarity Screen" and the EPA's August 22, 2013 email is attached to this Complaint as Exhibit 17.

52.     In response to the EPA's finding, Willowood submitted a data package to show that its Azoxy 2SC product is substantially similar to EPA Registration No. 100-1222, corresponding to Syngenta's registration of azoxystrobin.  A true and correct copy of the EPA "Bean Sheet" identifying Willowood's data package is attached to this Complaint as Exhibit 18.

53.     As part of the data package, Willowood submitted physical and chemical studies purportedly conducted on "Willowood Azoxystrobin 2.08SC" by Analytical & Regulatory Chemistry, Inc. in Sumter, South Carolina.  (*See* Exhibit 19 at 2.)

54.     To the extent that Willowood provided Analytical & Regulatory Chemistry, Inc. with azoxystrobin to test from a source other than Syngenta and without Syngenta's authorization, Willowood infringed the Patents-in-Suit and induced Analytical & Regulatory Chemistry, Inc. to infringe the Patents-in-Suit.

55.     Because Willowood provided Analytical & Regulatory Chemistry, Inc. with azoxystrobin to test from a source other than Syngenta, Willowood falsely represented to the EPA the nature of its Azoxy 2SC product.

13

56. Relying on Willowood's data package and false representations, the EPA approved Willowood's registration of Azoxy 2SC on January 6, 2014.

57. As a result of its false representations, Willowood was able to unjustly secure an early registration of its Azoxy 2SC product and early entry into the market.

### Willowood's Patent Infringement

58. In early 2014, Syngenta received reports that Willowood claimed to be storing a formulated azoxystrobin product in a warehouse in Pasco, Washington.

59. On January 30, 2014, Syngenta sent Willowood a letter referencing Willowood's alleged storing of azoxystrobin product in a warehouse in Pasco, Washington. A true and correct copy of Syngenta's January 30, 2014 letter is attached to this Complaint as Exhibit 19.

60. In its January 30, 2014 letter, Syngenta provided notice to Willowood of Syngenta's '076 and '256 Patents.

61. Syngenta has also consistently marked its products with the '076 and '256 Patents.

62. Syngenta's '076 and '256 Patents relate to the azoxystrobin chemical compound.

63. In its January 30, 2014 letter, Syngenta additionally asked Willowood to confirm that it had not, at that time, done any of the following: (1) made or formulated in the United States any azoxystrobin product and/or any product that would be marketed as generic alternatives to Syngenta's azoxystrobin product; (2) used in the United States any azoxystrobin product and/or any product that would be marketed as generic alternatives

14

to Syngenta's azoxystrobin products; (3) imported into the United States any azoxystrobin product and/or any product that would be marketed as generic alternatives to Syngenta's azoxystrobin products; (4) sold in the United States any azoxystrobin product and/or any product that would be marketed as generic alternatives to Syngenta's azoxystrobin product; or (5) offered to sell in the United States any azoxystrobin product and/or any product that would be marketed as generic alternatives to Syngenta's azoxystrobin product, even if delivery of such products would not take place until after expiration of the patents.

64.     In a letter dated February 4, 2014, Willowood simply responded by denying that it had any product formulated and stored in a warehouse in Pasco, Washington. Willowood further stated that Syngenta should check the relevant import records and notices of arrival.  A true and correct copy of Willowood's February 4, 2014 letter is attached to this Complaint as Exhibit 20.

65.     In response, Syngenta further investigated Willowood's activities and obtained Willowood's EPA submissions relating to Azoxy 2SC.  These submissions indicated that Willowood and Analytical & Regulatory Chemistry, Inc. in Sumter South Carolina used azoxystrobin to generate data to submit to the EPA in 2013.  (*See* Exhibit 19 at 2.)

66.     On August 25, 2014, Syngenta sent a letter to Willowood explaining that Willowood's EPA submissions evidenced that Willowood and Analytical & Regulatory Chemistry, Inc. had used azoxystrobin that infringed Syngenta's '076 and '256 Patents. Syngenta further requested Willowood's specifications for manufacturing azoxystrobin to

15

confirm that Willowood was not infringing any of Syngenta's process patents. Syngenta indicated in the letter that it was willing to execute a confidentiality agreement prior to reviewing Willowood's manufacturing specifications. A true and correct copy of Syngenta's August 25, 2014 letter is attached to this Complaint as Exhibit 21.

67.    In its August 25, 2014 letter, Syngenta provided notice to Willowood of additional Syngenta patents, including the '138 and '761 Patents (among others).

68.    Syngenta's '138 and '761 Patents relate to processes for manufacturing the azoxystrobin chemical compound as well as intermediate compounds.

69.    In a letter dated September 26, 2014, Willowood responded that it does not infringe any of Syngenta's process patents and it pointed to alternative ways of manufacturing azoxystrobin. Willowood, however, refused to provide Syngenta with its manufacturing specifications and failed to provide any explanation as to why its manufacturing process did not infringe Syngenta's patents. A true and correct copy of Willowood's September 26, 2014 is attached to this Complaint as Exhibit 22.

70.    On October 23, 2014, Syngenta sent a letter to Willowood enclosing a proposed confidentiality agreement and requested that Willowood execute the agreement so that Willowood could disclose its manufacturing specifications and help Syngenta understand Willowood's position that it does not use an infringing process. A true and correct copy of Syngenta's October 23, 2014 letter is attached to this Complaint as Exhibit 23.

71.    Willowood, however, never responded to Syngenta's October 23, 2014 letter.

72.    Upon information and belief, Willowood has had made, used, offered for sale, sold, or imported Azoxy 2SC in this judicial district and elsewhere in United States. (*See* Exhibits 1-3, 6, 7.)

73.    Upon information and belief, Willowood continues to make, use, offer for sale, sell, or import Azoxy 2SC in this judicial district and elsewhere in United States. (*See* Exhibits 1-3, 6, 7.)

74.    Upon information and belief, Willowood manufactures, or causes to be manufactured, Azoxy 2SC using a process that infringes at least Syngenta's '138 and '761 Patents.

75.    Upon information and belief, Willowood has had made, used, offered for sale, sold, or imported AzoxyProp Xtra in this judicial district and elsewhere in United States.  (*See* Exhibits 1, 4-7.)

76.    Upon information and belief, Willowood continues to make, use, offer for sale, sell, or import AzoxyProp Xtra in this judicial district and elsewhere in United States.  (*See* Exhibits 1, 4-7.)

77.    Upon information and belief, Willowood manufactures, or causes to be manufactured, AzoxyProp Xtra using a process that infringes at least Syngenta's '138 and '761 Patents.

## Willowood's Copyright Infringement

78.    In the transmittal accompanying Willowood's EPA Application, Willowood admitted that it "**incorporated label language from both EPA Reg. No. 100-1222 and EPA Reg. No. 100-1098**," corresponding to Syngenta's registrations for QUADRIS®,

"**into the Willowood Azoxystrobin 2.08SC label**."   (Exhibit 17 at 2 (emphasis in original).)

79.     A true and correct copy of the Azoxy 2SC label Willowood submitted to the EPA is attached to this Complaint as Exhibit 24.

80.     Willowood generated the Azoxy 2SC label it submitted to the EPA by copying verbatim substantial portions of Syngenta's QUADRIS® Flowable Fungicide label.

81.     The changes Willowood made to the language of Syngenta's QUADRIS® Flowable Fungicide label mainly included substituting the "Azoxy 2SC" for the product name and substituting "Willowood" for references to "Syngenta."

82.     In some instances, the Azoxy 2SC label that Willowood submitted to the EPA mistakenly continued to reference Syngenta.  For example, the label Willowood submitted to the EPA states: "Willowood Azoxystrobin 2.08SC (azoxystrobin) is a Group 11 fungicide. . . . **Syngenta** encourages responsible resistance management to ensure effective long-term control of the fungal diseases on this label."   (Exhibit 24 at 5 (emphasis added).)

83.     Although Willowood corrected these references in its current Azoxy 2SC label, Willowood continues to use the language of Syngenta's QUADRIS® Flowable Fungicide label as its own.

84.     Attached as Exhibit 25 to this Complaint is a true and correct copy of Willowood's current label for Azoxy 2SC highlighting language Willowood copied verbatim from Syngenta's QUADRIS® Flowable Fungicide label.

18

85. Willowood further generated its label for AzoxyProp Xtra by copying verbatim substantial portions of Syngenta's QUILT XCEL® Fungicide label.

86. The changes Willowood had made to the language of Syngenta's QUILT XCEL® Fungicide label mainly included substituting "AzoxyProp Xtra" for the product name and substituting "Willowood" for references to "Syngenta."

87. Willowood continues to use the language of Syngenta's label QUILT XCEL® Fungicide label as its own.

88. Attached as Exhibit 26 to this Complaint is a true and correct copy of Willowood's current label for AzoxyProp Xtra highlighting language Willowood copied verbatim from Syngenta's QUILT XCEL® Fungicide label.

## COUNT I

### (Infringement of U.S. Patent No. 5,602,076)

89. Syngenta incorporates by reference the allegations in paragraphs 1 through 88.

90. Upon information and belief, Willowood has infringed at least claim 1, among others, of the '076 Patent in violation of 35 U.S.C. § 271(a) by at least having made, used, sold, imported, and/or offered for sale products comprising azoxystrobin, including Azoxy 2SC and AzoxyProp Xtra, in this judicial district and elsewhere in the United States.

91. Upon information and belief, Willowood has induced others, including Analytical & Regulatory Chemistry, Inc., to infringe at least claim 1, among others, of the '076 Patent in violation of 35 U.S.C. § 271(b). For example, upon information and

19

belief, Willowood contracted with, and instructed, Analytical & Regulatory Chemistry, Inc. to use and analyze infringing azoxystrobin in connection with submissions to the EPA.  Upon information and belief, Willowood knew of the '076 Patent and intentionally encouraged Analytical & Regulatory Chemistry, Inc. to commit acts with knowledge or willful blindness that such acts would infringe the '076 Patent.

92.    Syngenta has been damaged by Willowood's infringement of the '076 Patent in an amount to be determined at trial.

93.    Upon information and belief, Willowood's infringement of the '076 Patent was willful.

## COUNT II

### (Infringement of U.S. Patent No. 5,633,256)

94.    Syngenta incorporates by reference the allegations in paragraphs 1 through 88.

95.    Upon information and belief, Willowood has infringed at least claim 1, among others, of the '256 Patent in violation of 35 U.S.C. § 271(a) by at least having made, used, sold, imported, and/or offered for sale products comprising azoxystrobin, including Azoxy 2SC and AzoxyProp Xtra, in this judicial district and elsewhere in the United States.

96.    Upon information and belief, Willowood has induced others, including Analytical & Regulatory Chemistry, Inc., to infringe at least claim 1, among others, of the '256 Patent in violation of 35 U.S.C. § 271(b).  For example, upon information and belief, Willowood contracted with, and instructed, Analytical & Regulatory Chemistry,

20

Inc. to use and analyze infringing azoxystrobin in connection with submissions to the EPA. Upon information and belief, Willowood knew of the '256 Patent and intentionally encouraged Analytical & Regulatory Chemistry, Inc. to commit acts with knowledge or willful blindness that such acts would infringe the '256 Patent.

97. Syngenta has been damaged by Willowood's infringement of the '256 Patent in an amount to be determined at trial.

98. Upon information and belief, Willowood's infringement of the '256 Patent was willful.

## COUNT III

### (Infringement of U.S. Patent No. 5,847,138)

99. Syngenta incorporates by reference the allegations in paragraphs 1 through 88.

100. Upon information and belief, Willowood has infringed, and continues to infringe, at least claim 6, among others, of the '138 Patent in violation of 35 U.S.C. § 271(a) by at least making, using, selling, importing, and/or offering for sale products comprising azoxystrobin, including Azoxy 2SC and AzoxyProp Xtra, in this judicial district and elsewhere in the United States.

101. Syngenta has been, and continues to be, damaged by Willowood's infringement of the '138 Patent in an amount to be determined at trial.

102. Syngenta has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Willowood's infringement of the '138 Patent is enjoined by this Court.

21

103.    Upon information and belief, Willowood's infringement of the '138 Patent is, and has been, willful.

## COUNT IV

### (Infringement of U.S. Patent No. 8,124,761)

104.    Syngenta incorporates by reference the allegations in paragraphs 1 through 88.

105.    Upon information and belief, Willowood has infringed, and continues to infringe, at least claim 1, among others, of the '761 Patent in violation of 35 U.S.C. § 271(a) by at least making, using, selling, importing, and/or offering for sale products comprising azoxystrobin, including Azoxy 2SC and AzoxyProp Xtra, in this judicial district and elsewhere in the United States.

106.    Syngenta has been, and continues to be, damaged by Willowood's infringement of the '761 Patent in an amount to be determined at trial.

107.    Syngenta has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Willowood's infringement of the '761 Patent is enjoined by this Court.

108.    Upon information and belief, Willowood's infringement of the '761 Patent is, and has been, willful.

## COUNT V

### (Copyright Infringement of QUADRIS® Flowable Fungicide Label)

109.    Syngenta incorporates by reference the allegations in paragraphs 1 through 88.

110.   Syngenta holds a valid copyright in its QUADRIS® Flowable Fungicide label.

111.   Willowood's Azoxy 2SC label is substantially similar to Syngenta's QUADRIS® Flowable Fungicide label.

112.   Willowood copied Syngenta's QUADRIS® Flowable Fungicide label and used substantial portions of Syngenta's copyrighted work in Willowood's Azoxy 2SC product label.

113.   Willowood has distributed, and continues to distribute, this copied label on its Azoxy 2SC products units.

114.   Willowood's use of the Azoxy 2SC product label infringes Syngenta's copyright in its label for QUADRIS® Flowable Fungicide under 17 U.S.C. § 501.

115.   Willowood's continued use of the Azoxy 2SC product label constitutes ongoing infringement of Syngenta's copyright under 17 U.S.C. § 501.

116.   Willowood's ongoing infringement of Syngenta's copyright is willful and knowing.

117.   Syngenta has been, and continues to be, damaged by Willowood's infringement of Syngenta's copyright.

118.   Syngenta has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Willowood's infringement of Syngenta's copyright is enjoined by this Court.

Case 1:15-cv-00274-CCE-JEP   Document 1   Filed 03/27/15   Page 23 of 28

## COUNT VI

### (Copyright Infringement of QUILT XCEL® Fungicide Label)

119. Syngenta incorporates by reference the allegations in paragraphs 1 through 88.

120. Syngenta holds a valid copyright in its QUILT XCEL® Fungicide label.

121. Willowood's AzoxyProp Xtra label is substantially similar to Syngenta's QUILT XCEL® Fungicide label.

122. Willowood copied Syngenta's QUILT XCEL® Fungicide label and used substantial portions of Syngenta's copyrighted work in Willowood's AzoxyProp Xtra product label.

123. Willowood has distributed, and continues to distribute, this copied label on its Azoxy 2SC products units.

124. Willowood's use of the AzoxyProp Xtra product label infringes Syngenta's copyright in its label for QUILT XCEL® Fungicide under 17 U.S.C. § 501.

125. Willowood's continued use of the AzoxyProp Xtra product label constitutes ongoing infringement of Syngenta's copyright under 17 U.S.C. § 501.

126. Willowood's ongoing infringement of Syngenta's copyright is willful and knowing.

127. Syngenta has been, and continues to be, damaged by Willowood's infringement of Syngenta's copyright.

128.    Syngenta has suffered irreparable injury for which there is no adequate remedy at law and will continue to suffer such irreparable injury unless Willowood's infringement of Syngenta's copyright is enjoined by this Court.

## COUNT VII

**(Violation of Unfair & Deceptive Trade Practices Act, N.C. Gen. Stat § 75-1.1)**

129.    Syngenta incorporates by reference the allegations in paragraphs 1 through 88.

130.    Upon information and belief, Willowood falsely represented to the EPA that the technical source of the active ingredient in its Azoxy 2SC product is based on a registered source of supply in order to secure the registration of its Azoxy 2SC product.

131.    Upon information and belief, Willowood falsely represented the nature of its Azoxy 2SC product to the EPA in order to secure the registration of its Azoxy 2SC product.

132.    Willowood made its false representations to the EPA in a manner affecting commerce so that upon receiving approval from the EPA Willowood could sell its Azoxy 2SC product.

133.    Relying on Willowood's false representations, the EPA approved Willowood's registration of Azoxy 2SC.

134.    As a result of its false representations, Willowood was able to unjustly secure an early registration of its Azoxy 2SC product and early entry into the market.

135.    Willowood's false representations have proximately caused injury to Syngenta's business, including lost profits, in an amount to be determined at trial.

## JURY DEMANDED

136.   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Syngenta hereby respectfully requests a jury trial on all issues and claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Syngenta prays for the following judgments and relief against Willowood:

A.     A judgment that Willowood has infringed the Patents-in-Suit;

B.     A permanent injunction against Willowood and its affiliates, subsidiaries, assigns, employees, agents, or anyone acting in privity or concert with Willowood, from infringing the Patents-in-Suit;

C.     A judgment that Willowood has infringed Syngenta's copyright in its label for QUADRIS® Flowable Fungicide

D.     A permanent injunction against Willowood and its affiliates, subsidiaries, assigns, employees, agents, or anyone acting in privity or concert with Willowood, from infringing Syngenta's copyright in its QUADRIS® Flowable Fungicide label;

E.     A judgment that Willowood has infringed Syngenta's copyright in its label for QUILT XCEL® Fungicide label;

F.     A permanent injunction against Willowood and its affiliates, subsidiaries, assigns, employees, agents, or anyone acting in privity or concert with Willowood, from infringing Syngenta's copyright in its QUILT XCEL® Fungicide label;

26

G.      A judgment that Willowood engaged in unfair and deceptive trade practices under North Carolina law to secure its EPA registration;

H.      An award of all damages adequate to compensate Syngenta for Willowood's copyright and patent infringement and its unfair and deceptive trade practices, such damages to be determined by a jury, and if necessary an accounting to adequately compensate Syngenta for the infringement;

I.      An award of treble damages as a result of Willowood's willful infringement of the Patents-in-Suit;

J.      An award of pre-judgment and post-judgment interest at the maximum rate allowed by law;

K.      An order finding that this is an exceptional case and awarding Syngenta its costs, expenses, disbursements, and reasonable attorneys' fees related to Willowood's patent infringement under 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

L.      An award of Syngenta's costs, expenses, disbursements, and reasonable attorneys' fees related to Willowood's copyright infringement under 17 U.S.C. § 505 and all other applicable statutes, rules, and common law; and

M.      Such other further relief, in law or in equity, as this Court deems just.

27

**Dated:** March 27, 2015

By:   <u>/s/Richard A. Coughlin</u>

Richard A Coughlin
North Carolina State Bar No. 19894
C. Bailey King
North Carolina State Bar No. 34043
Whit D. Pierce
North Carolina State Bar No. 46327

SMITH MOORE LEATHERWOOD LLP
300 N. Greene Street, Suite 1400
Greensboro, North Carolina 27401
Telephone: (336) 378-5200
Facsimile: (336) 378-5400
rick.coughlin@smithmoorelaw.com
bailey.king@smithmoorelaw.com
whit.pierce@smithmoorelaw.com

OF COUNSEL:
Russell E. Levine, P.C.
Hari Santhanam
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
russell.levine@kirkland.com
hari.santhanam@kirkland.com

*Attorneys for Plaintiff Syngenta Crop Protection, LLC*