IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SYNGENTA CROP PROTECTION, LLC,

        Plaintiff,

    v.

WILLOWOOD, LLC, WILLOWOOD USA,
LLC, WILLOWOOD AZOXYSTROBIN,
LLC, and WILLOWOOD LIMITED,

        Defendants.

Civil Action No: 1:15-CV-274

## ANSWER OF DEFENDANTS WILLOWOOD, LLC, WILLOWOOD USA, LLC AND WILLOWOOD AZOXYSTROBIN, LLC TO THE COMPLAINT

The Defendants, WILLOWOOD, LLC, WILLOWOOD USA, LLC, and WILLOWOOD AZOXYSTROBIN, LLC (collectively, "Defendants"),[1] by and through their undersigned counsel, hereby respond to the Complaint as follows:

### NATURE OF THE ACTION

1. It is admitted that plaintiff makes the allegations summarized in paragraph 1 of the Complaint. Except as expressly admitted, the allegations set forth in paragraph 1 of the Complaint are denied. To the extent that paragraph 1 of the Complaint is deemed to contain any factual allegations concerning any of Defendants, they are denied, and

---

[1] Concurrently with the filing and service of this Answer, a Motion to Dismiss the Complaint as against the defendant Willowood Limited has been filed with the Court and served on counsel for plaintiff.

1

Defendants respectfully refer the Court to the documents referenced in paragraph 1 of the Complaint to ascertain their contents.

**PARTIES**

2.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint which are, therefore, denied.

3.    Admitted.

4.    Admitted.

5.    Admitted.

6.    Admitted.

**JURISDICTION AND VENUE**

7.    The allegations set forth in paragraph 7 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations set forth in paragraph 7 of the Complaint are denied.

8.    The allegations set forth in paragraph 8 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations set forth in paragraph 8 of the Complaint are denied.

9.    Denied.

10.    It is admitted that on or about June 16, 2014, Willowood USA, LLC issued a press release, a copy of which is attached as Exhibit 1 to the Complaint.  Except as expressly admitted, the allegations set forth in paragraph 10 of the Complaint are denied.

2

Defendants respectfully refer the Court to Exhibit 1 to the Complaint to ascertain its content.

11. Admitted.

12. Denied.

13. Denied.

14. It is admitted that Willowood USA, LLC and Willowood, LLC sell Azoxy 2SC and AzoxyProp Xtra products to Farm Trade.com, which is based in Cary, North Carolina. It is further admitted that Farm Trade.com sells Azoxy2SC and AzoxyProp Xtra on its website. Except as expressly admitted, the allegations set forth in paragraph 14 of the Complaint are denied.

15. It is admitted that Willowood USA, LLC and Willowood LLC offer for sale the following products in the State of North Carolina: Bentazon 4, Clethodim 2EC, Dicamba 4, Imidacloprid 4SC, Lambda-Cy 1EC, Mepi Chlor 4.2%, Paraquat 3SL, and Pronamide 3.3SC. Except as expressly admitted, the allegations set forth in paragraph 15 of the Complaint are denied.

16. It is admitted that Willowood Limited's website indicates that it supplies agrochemical products to affiliates and that those affiliates are based around the world, including in the United States, and that Willowood Limited supplies azoxystrobin to Willowood USA, LLC in China. Except as expressly admitted, the allegations set forth in paragraph 16 of the Complaint are denied.

3

17.     The allegations set forth in paragraph 17 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations set forth in paragraph 17 of the Complaint are denied.

18.     The allegations set forth in paragraph 18 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations set forth in paragraph 18 of the Complaint are denied.

19.     The allegations set forth in paragraph 19 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations set forth in paragraph 19 of the Complaint are denied.

## BACKGROUND
### Syngenta's [Alleged] Intellectual Property

20.     It is admitted that azoxystrobin is a fungicidal chemical that controls fungal growth and enhances the yield of a variety of plants, cereals, vines, fruits, vegetables bananas, rice, soybeans, corn, turf and ornamentals. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 20 of the Complaint which are, therefore, denied.

21.     It is admitted that U.S. Patent Nos. 5,602,076; 5,633,256; 5,847,138; and 8,124,761 relate to the azoxystrobin compound and/or to methods for its manufacture. Except as expressly admitted, the allegations set forth in paragraph 21 of the Complaint are denied.

4

22.     It is admitted that U.S. Patent No. 5,602,076 issued on February 11, 1997. Except as expressly admitted, the allegations set forth in paragraph 22 of the Complaint are denied.

23.     It is admitted that U.S. Patent No. 5,633,256 issued on May 27, 1997. Except as expressly admitted, the allegations set forth in paragraph 23 of the Complaint are denied.

24.     It is admitted that U.S. Patent No. 5,847,138 issued on December 8, 1998. Except as expressly admitted, the allegations set forth in paragraph 24 of the Complaint are denied.

25.     It is admitted that U.S. Patent No. 8,124,761 issued on February 28, 2012. Except as expressly admitted, the allegations set forth in paragraph 25 of the Complaint are denied.

26.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint which are, therefore, denied.

27.     It is admitted that product labels are attached to or included within the product container, and Defendants respectfully refer the Court to such labels to determine their contents.  Except as expressly admitted, the allegations set forth in paragraph 27 of the Complaint are denied.

5

28. It is admitted that the creation of a product label involves time, money and product development and testing. Except as expressly admitted, the allegations set forth in paragraph 28 of the Complaint are denied.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Complaint which are, therefore, denied.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint which are, therefore, denied.

31. Denied.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint which are, therefore, denied.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint which are, therefore, denied.

34. Denied.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Complaint which are, therefore, denied.

6

36.     It is admitted that on or about August 13, 2013, the defendant Willowood, LLC, through its regulatory agent, Pyxis Regulatory Consultants, Inc. ("Pyxis"), filed an end-use product application with EPA to register "Azoxystrobin 2.08SC."   Except as expressly admitted, the allegations set forth in paragraph 36 of the Complaint are denied.

37.     Admitted.

38.     Denied.

39.     It is admitted that Willowood, LLC, through its regulatory agent, Pyxis Regulatory Consultants, Inc. ("Pyxis"), submitted with its EPA Application a request and Statement for a Formulators' Exemption.   Except as expressly admitted, the allegations set forth in paragraph 39 of the Complaint are denied.   It is further noted that there is no Exhibit 15 attached to the Complaint.

40.     The allegations set forth in paragraph 40 of the Complaint constitute conclusions of law to which no response is required.   To the extent a response is deemed to be required, the allegations set forth in paragraph 40 of the Complaint are denied. Defendants respectfully refer the Court to the full text of 40 C.F.R. § 152.85 to ascertain its contents.

41.     It is admitted that Willowood, LLC, through its regulatory agent, Pyxis Regulatory Consultants, Inc. ("Pyxis"), submitted a Formulators' Exemption Statement to EPA, a copy of which is attached to the Complaint as Exhibit 16.   Defendants respectfully refer the Court to such document to ascertain its content.   Except as expressly admitted, the allegations set forth in paragraph 41 of the Complaint are denied.

7

42.     It is admitted that Willowood, LLC, through its regulatory agent, Pyxis Regulatory Consultants, Inc. ("Pyxis"), submitted a letter to EPA dated August 13, 2013, a true and correct copy of which is attached to the Complaint as Exhibit 16.  Defendants respectfully refer the Court to such document to ascertain its contents.  Except as expressly admitted, the allegations set forth in paragraph 42 of the Complaint are denied.

43.     It is admitted that Willowood, LLC, through Pyxis, submitted a letter to EPA dated August 13, 2013, a true and correct copy of which is attached to the Complaint as Exhibit 16.  Defendants respectfully refer the Court to such document to ascertain its contents.  Except as expressly admitted, the allegations set forth in paragraph 43 of the Complaint are denied.

44.     Denied.

45.     Denied.

46.     Admitted.

47.     Admitted.

48.     Admitted.

49.     Admitted.

50.     Admitted.

51.     It is admitted that following an initial substantial similarity check, EPA sent an e-mail to Willowood's regulatory agent, Pyxis, indicating that Willowood's product is not substantially similar to EPA Reg. No. 100-1222 because "the inerts are too different."

8

Except as expressly admitted, the allegations set forth in paragraph 51 of the Complaint are denied. It is further noted that Exhibit 17 to the Complaint is not the email from EPA.

52. Denied. It is further noted that Exhibit 18 to the Complaint is not an EPA "Bean Sheet."

53. Denied.

54. Denied.

55. Denied.

56. It is admitted that EPA approved Willowood LLC's registration of Willowood Azoxystrobin 2.08SC on or about January 6, 2014. Except as expressly admitted, the allegations set forth in paragraph 56 of the Complaint are denied.

57. Denied.

## Willowood's [Alleged] Patent Infringement

58. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 58 of the Complaint which are, therefore, denied.

59. It is admitted that Willowood USA, LLC received a letter dated January 30, 2014, and the Defendants respectfully refer the Court to that letter to ascertain its contents. Except as expressly admitted, the allegations set forth in paragraph 59 of the Complaint are denied.

9

60.     It is admitted that Willowood USA, LLC received from Syngenta a letter dated January 20, 2014, identifying the '076 and '256 patents.  Except as expressly admitted, the allegations set forth in paragraph 60 of the Complaint are denied.

61.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Complaint which are, therefore, denied.

62.     It is admitted that the '076 and '256 Patents relate to azoxystrobin.  Except as expressly admitted, the allegations set forth in paragraph 62 of the Complaint are denied.

63.     It is admitted that Willowood USA, LLC received a letter dated January 30. 2014 and Defendants respectfully refer the Court to such letter to ascertain its contents. Except as expressly admitted, the allegations set forth in paragraph 63 of the Complaint are denied.

64.     It is admitted that Willowood USA, LLC sent Syngenta a letter dated February 4, 2014.  Defendants respectfully refer the Court to such letter to ascertain its contents.  Except as expressly admitted, the allegations set forth in paragraph 64 of the Complaint are denied.

65.     It is admitted that Willowood, LLC and Analytical & Regulatory Chemistry, Inc. used azoxystrobin to generate data to submit to EPA in 2013.  Except as expressly admitted, the allegations set forth in paragraph 65 of the Complaint are denied.

10

66.     It is admitted that Willowood USA, LLC received a letter dated August 25, 2014.  Defendants respectfully refer the Court to such letter to ascertain its contents.  Except as expressly admitted, the allegations set forth in paragraph 66 of the Complaint are denied.

67.     It is admitted that Willowood USA, LLC received a letter dated August 25, 2014.  Defendants respectfully refer the Court to such letter to ascertain its contents.  Except as expressly admitted, the allegations set forth in paragraph 67 of the Complaint are denied.

68.     It is admitted that the '138 and '761 patents relate to processes for manufacturing azoxystrobin and intermediate compounds.  Except as expressly admitted, the allegations set forth in paragraph 68 of the Complaint are denied.

69.     It is admitted that Willowood USA, LLC sent a letter to Syngenta dated September 26, 2014.  Defendants respectfully refer the Court to such letter to ascertain its contents.  Except as expressly admitted, the allegations set forth in paragraph 69 of the Complaint are denied.

70.     It is admitted that Willowood USA, LLC's counsel received a letter dated October 23, 2014 from Syngenta.  Defendants respectfully refer the Court to such letter and its attachments to ascertain their contents.  Except as expressly admitted, the allegations set forth in paragraph 70 of the Complaint are denied.

71.     Admitted.

11

72.     It is admitted that Willowood USA, LLC has imported Azoxy 2SC into the United States and that Willowood USA, LLC has offered Azoxy 2SC for sale in this judicial district and elsewhere in the United States.  Except as expressly admitted, the allegations set forth in paragraph 72 of the Complaint are denied.

73.     It is admitted that Willowood USA, LLC continues to offer Azoxy 2SC for sale in this judicial district and elsewhere in the United States.  Except as expressly admitted, the allegations set forth in paragraph 73 of the Complaint are denied.

74.     Denied.

75.     It is admitted that Willowood USA, LLC has offered AzoxyProp Xtra for sale in this judicial district and elsewhere in the United States.  Except as expressly admitted, the allegations set forth in paragraph 75 of the Complaint are denied.

76.     It is admitted that Willowood USA, LLC continues to offer AzoxyProp Xtra for sale in this judicial district and elsewhere in the United States.  Except as expressly admitted, the allegations set forth in paragraph 76 of the Complaint are denied.

77.     Denied.

## Willowood's [Alleged] Copyright Infringement

78.     It is admitted that in a transmittal accompanying Willowood LLC's EPA application, Willowood LLC stated that the label "incorporated label language from both EPA Reg. no. 100-1222 and EPA Reg. No. 100-1098 into the Willowood Azoxystrobin 2.08SC label."  Except as expressly admitted, the allegations set forth in paragraph 78 of

the Complaint are denied. It is further noted that Exhibit 17 to the Complaint is not the transmittal letter referred to in paragraph 78 of the Complaint.

79. Denied.

80. Denied.

81. Denied.

82. It is admitted that the Willowood Azoxystrobin 2.08SC label originally submitted to the EPA on behalf of Willowood, LLC mistakenly referred to Syngenta. Defendants respectfully refer the Court to Exhibit 24 to the Complaint to ascertain its contents. Except as expressly admitted, the allegations set forth in paragraph 82 of the Complaint are denied.

83. It is admitted that Willowood, LLC revised its current Azoxy 2SC label to refer to Willowood rather than to Syngenta. Except as expressly admitted, the allegations set forth in paragraph 83 of the Complaint are denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

## COUNT I
### ([Alleged] Infringement of U.S. Patent No. 5,602,076)

89. Defendants incorporate by reference the preceding responses to the correspondingly numbered paragraphs of the Complaint.

13

90. The allegations set forth in paragraph 90 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations set forth in paragraph 90 of the Complaint are denied.

91. The allegations set forth in paragraph 91 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations set forth in paragraph 91 of the Complaint are denied.

92. The allegations set forth in paragraph 92 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations set forth in paragraph 92 of the Complaint are denied.

93. The allegations set forth in paragraph 93 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations set forth in paragraph 93 of the Complaint are denied.

## COUNT II
### ([Alleged] Infringement of U.S. Patent No. 5,633,256)

94. Defendants incorporate by reference the preceding responses to the correspondingly numbered paragraphs of the Complaint.

95. The allegations set forth in paragraph 95 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations set forth in paragraph 95 of the Complaint are denied.

96. The allegations set forth in paragraph 96 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations set forth in paragraph 96 of the Complaint are denied.

14

97. The allegations set forth in paragraph 97 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations set forth in paragraph 97 of the Complaint are denied.

98. The allegations set forth in paragraph 98 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations set forth in paragraph 98 of the Complaint are denied.

## COUNT III
### ([Alleged] Infringement of U.S. Patent No. 5,847,138)

99. Defendants incorporate by reference the preceding responses to the correspondingly numbered paragraphs of the Complaint.

100. The allegations set forth in paragraph 100 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations set forth in paragraph 100 of the Complaint are denied.

101. The allegations set forth in paragraph 101 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations set forth in paragraph 101 of the Complaint are denied.

102. The allegations set forth in paragraph 102 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations set forth in paragraph 102 of the Complaint are denied.

103. The allegations set forth in paragraph 103 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations set forth in paragraph 103 of the Complaint are denied.

15

## COUNT IV
### ([Alleged] Infringement of U.S. Patent No. 8,124,761)

104.   Defendants incorporate by reference the preceding responses to the correspondingly numbered paragraphs of the Complaint.

105.   The allegations set forth in paragraph 105 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations set forth in paragraph 105 of the Complaint are denied.

106.   The allegations set forth in paragraph 106 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations set forth in paragraph 106 of the Complaint are denied.

107.   The allegations set forth in paragraph 107 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations set forth in paragraph 107 of the Complaint are denied.

108.   The allegations set forth in paragraph 108 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations set forth in paragraph 108 of the Complaint are denied.

## COUNT V
### ([Alleged] Copyright Infringement of QUADRIS® Flowable Fungicide Label)

109.   Defendants incorporate by reference the preceding responses to the correspondingly numbered paragraphs of the Complaint.

16

110.	The allegations set forth in paragraph 110 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations set forth in paragraph 110 of the Complaint are denied.

111.	Denied.

112.	Denied.

113.	It is admitted that Willowood USA LLC has distributed and continues to distribute Azoxy 2SC with a proper label. Except as expressly admitted, the allegations set forth in paragraph 113 of the Complaint are denied.

114.	The allegations set forth in paragraph 114 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations set forth in paragraph 114 of the Complaint are denied.

115.	The allegations set forth in paragraph 115 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations set forth in paragraph 115 of the Complaint are denied.

116.	The allegations set forth in paragraph 116 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations set forth in paragraph 116 of the Complaint are denied.

117.	The allegations set forth in paragraph 117 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations set forth in paragraph 117 of the Complaint are denied.

118.   The allegations set forth in paragraph 118 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations set forth in paragraph 118 of the Complaint are denied.

### COUNT VI
**([Alleged] Copyright Infringement of QUILT XCEL® Fungicide Label)**

119.   Defendants incorporate by reference the preceding responses to the correspondingly numbered paragraphs of the Complaint.

120.   The allegations set forth in paragraph 120 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations set forth in paragraph 120 of the Complaint are denied.

121.   Denied.

122.   Denied.

123.   It is admitted that Willowood USA LLC has distributed and continues to distribute AzoxyProp Xtra with a proper label.  Except as expressly admitted, the allegations set forth in paragraph 123 of the Complaint are denied.

124.   The allegations set forth in paragraph 124 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations set forth in paragraph 124 of the Complaint are denied.

125.   The allegations set forth in paragraph 125 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations set forth in paragraph 125 of the Complaint are denied.

18

126.   The allegations set forth in paragraph 126 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations set forth in paragraph 126 of the Complaint are denied.

127.   The allegations set forth in paragraph 127 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations set forth in paragraph 127 of the Complaint are denied.

128.   The allegations set forth in paragraph 128 of the Complaint constitute conclusions of law to which no response is required.  To the extent a response is deemed to be required, the allegations set forth in paragraph 128 of the Complaint are denied.

**COUNT VII**
**([Alleged] Violation of N.C. Gen. Stat. § 75-1.1)**

129.   Defendants incorporate by reference the preceding responses to the correspondingly numbered paragraphs of the Complaint.

130.   Denied.

131.   Denied.

132.   Denied.

133.   Denied.

134.   Denied.

135.   Denied.

**JURY DEMANDED**

136.   Defendants admit that plaintiff requests a jury trial on all issues so triable pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

19

## PRAYER FOR RELIEF

Defendants deny that plaintiff is entitled to any of the relief requested in the Complaint.

## FIRST DEFENSE
### (Lack of Personal Jurisdiction)

The Court lacks *in personam* jurisdiction over the Defendant Willowood Azoxystrobin, LLC.

## SECOND DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted against any of Defendants.

## THIRD DEFENSE
### (Venue)

This action should be transferred to the United States District Court for the District of Oregon pursuant to 28 U.S.C. § 1404, for the convenience of the parties and in the interests of justice.

## FOURTH DEFENSE
### (Expired Patents)

Patents 5,602,076 and 5,633,256 both expired on February 11, 2014. Patent 5,847,138 will expire on or about December 8, 2015. Consequently, there is no basis for the issuance of injunctive relief on Counts I, II, III and IV of the Complaint.

20

## FIFTH DEFENSE
### (Primary Jurisdiction)

Count VII of the Complaint is barred by the doctrine of primary jurisdiction because, *inter alia*, plaintiff has raised the same allegations against the Defendants in a petition to cancel Defendants' azoxystrobin registrations that has been submitted to the United States Environmental Protection Agency ("EPA"), which is presently pending before and awaiting a final decision by EPA.

## SIXTH DEFENSE
### (Exhaustion of Remedies)

Count VII of the Complaint is barred by plaintiff's failure to exhaust its administrative remedies because, *inter alia*, plaintiff has raised the same allegations against the Defendants in a petition to cancel Defendants' azoxystrobin registrations that has been submitted to the United States Environmental Protection Agency ("EPA"), which is presently pending before and awaiting a final decision by EPA.

## SEVENTH DEFENSE
### (Laches)

Plaintiff's claims for equitable relief are barred by the doctrines of laches, waiver, estoppel and acquiescence.

## EIGHTH DEFENSE
### (Mootness)

Plaintiff's claims for injunctive relief with respect to Counts I, II, III, IV, V and VI are moot.

## NINTH DEFENSE

Plaintiff's labels lack sufficient originality to be protectable under the United States Copyright Act, 17 U.S.C. §§ 101, *et seq*.

## TENTH DEFENSE

Defendants' labels are readily distinguishable from plaintiff's labels, are not copies of plaintiff's labels, and are not substantially similar to plaintiffs' labels.

## ELEVENTH DEFENSE

Plaintiff's labels do not contain protectable subject matter under the U.S. Copyright Act because, inter alia, they consist of unprotectable facts, lack creativity, consist of instructional information solely for utilitarian purposes that can only be express in a limited number of ways and they are excluded from copyright protection under 17 U.S.C. § 102(b).

## TWELFTH DEFENSE

Plaintiff's copyright claims are barred by applicable provisions of the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. §§ 136a *et seq*. ("FIFRA"), and EPA policies and implementing regulations which require, authorize and sanction the content of Defendants' labels.

## THIRTEENTH DEFENSE

Plaintiff's claim for statutory damages and attorneys' fees is barred by 17 U.S.C. § 412 because the alleged infringement, if any, commenced prior to the effective date of any registration for plaintiff's products.

22

## FOURTEENTH DEFENSE

Plaintiff has failed to mitigate its damages, if any.

## FIFTEENTH DEFENSE

Plaintiff's claims for equitable relief are barred by the doctrine of unclean hands.

## SIXTEENTH DEFENSE

Plaintiff has engaged in copyright misuse, which bars plaintiff's copyright claims.

## SEVENTEENTH DEFENSE

Plaintiff's copyright claims are barred by the doctrine of fair use.

## RESERVATION OF DEFENSES

Defendants reserve their rights to assert any and all defenses that may have been excluded from this Answer in the event that further information becomes available to them through discovery or further investigation. Defendants further reserve the right to amend their Answer to supplement the affirmative defenses stated herein.

WHEREFORE, having answered the Complaint as fully as they are advised is their duty, Defendants WILLOWOOD, LLC, WILLOWOOD USA, LLC, and WILLOWOOD AZOXYSTROBIN, LLC respectfully pray unto the Court as follows:

1. That plaintiff have and recover nothing from Defendants;

2. That the Court dismiss the Complaint with prejudice;

3. That any judgment be entered in favor of Defendants and against plaintiff;

4. That the Court award to Defendants their reasonable attorneys' fees and costs of suit as may be provided by law;

23

5.    That the Court provide a jury trial for all issues triable to a jury; and

6.    That the Court award Defendants such other and further relief as it deems

just and proper.

This the 16th day of June, 2015.

/s/ Alan W. Duncan
Alan W. Duncan
N.C. State Bar No. 8736
L. Cooper Harrell
N.C. State Bar No. 27875
VAN LANINGHAM DUNCAN PLLC
300 N. Greene Street, Suite 850
Greensboro, NC 27401
Telephone:  336-645-3320
Facsimile:  336-645-3330
aduncan@vldlitigation.com
charrell@vldlitigation.com

*Counsel for Defendants*

OF COUNSEL:

Peter J. Davis
WHITEFORD TAYLOR PRESTON LLP
7 Saint Paul Street
Baltimore, MD 21202
Telephone:  410.347.8738
Facsimile:  410.223.4304
pdavis@wtplaw.com

Barry S. Neuman
WHITEFORD TAYLOR PRESTON LLP
1025 Connecticut Ave., NW, Suite 400
Washington, DC 20036
Telephone:  202.659.6761
Facsimile:   202.327.6151
bneuman@wtplaw.com

24

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document has been filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record in this action.

This the 16th day of June, 2015.

/s/ Alan W. Duncan

Alan W. Duncan
