# EXHIBIT 28

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

300 North LaSalle
Chicago, Illinois 60654

Kourtney Baltzer
To Call Writer Directly:
(312) 862-3405
kourtney.baltzer@kirkland.com

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

March 1, 2016

**VIA E-MAIL**

Peter Davis, Esq.
Whiteford, Taylor & Preston
7 Saint Paul Street
Baltimore, MD 21202
pdavis@wtplaw.com

Re: *Syngenta Crop Protection, LLC v. Willowood, LLC et al.*, **1:15-cv-274** (**M.D.N.C.**)

Dear Peter:

I write regarding various deficiencies in Willowood, LLC, Willowood, USA, LLC, Willowood Azoxystrobin, LLC and Willowood Limited's (collectively "Defendants'") responses to Syngenta Crop Protection, LLC's ("Syngenta's") discovery requests.

**1. Interrogatory No. 1 and Request for Production Nos. 4 and 6**

Interrogatory No. 1 asks:

> For each Accused Product, describe in detail each step of the manufacturing process of that Accused Product, including an explanation of what Entities are involved in each step and the corresponding role of each of those Entities, and Identify the three Persons, whether or not they are currently employed by Defendants, who are most knowledgeable about the manufacturing process of each Accused Product, describing in detail the substance of each Person's knowledge.

In their response to this interrogatory, Defendants merely refer Syngenta to a single document produced at WW000017-WW000026, titled "Azoxystrobin manufacturing process." Although this document appears to set forth certain details regarding the process for manufacturing azoxystrobin technical, it does not specifically identify any of the catalysts used in the process. Please promptly supplement Defendants' response to (a) identify all such catalysts, including 1,4-diazabicyclo[2.2.2]octane (DABCO), that are used in the process for manufacturing any azoxystrobin technical used in the Accused Products; and (b) identify in which steps of the manufacturing process each such catalyst is used and the quantity used. If

Beijing    Hong Kong    Houston    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.

# KIRKLAND & ELLIS LLP

Peter Davis, Esq.
March 1, 2016
Page 2

Defendants contend that DABCO is not used in the process for manufacturing such azoxystrobin technical, Defendants must specifically state so. Please also produce any documents related to the manufacture of azoxystrobin technical that reflect the use of such catalysts, which are responsive to at least Syngenta's Requests for Production Nos. 4 and 6. If Defendants contend that they do not know if DABCO is used in the process for manufacturing their azoxystrobin technical, then Defendants must identify the entity (by name, address, and contact person) that does know, the relationship between Willowood and that entity, and what efforts Willowood has undertaken, if any, to obtain the information requested from that entity.

Further, Defendants identify Greenfields Marketing Ltd. ("Greenfields") as their "EPA registered Source" of azoxystrobin technical but do not identify Greenfields as having any role in the process for manufacturing such azoxystrobin technical. Please promptly supplement Defendants' response to Interrogatory No. 1 to describe whether Greenfields Marketing Ltd. is involved at any step in the manufacture of Defendants' azoxystrobin technical.

**2. Interrogatory No. 5**

Interrogatory No. 5 asks:

For each Accused Product, describe in detail the creation of the labels associated with that Accused Product, including any end-use and technical labels, and Identify the three Persons, whether or not they are currently employed by Defendants, most knowledgeable about the creation of the labels associated with that Accused Product, describing in detail the substance of each Person's knowledge.

In response to Interrogatory No. 5, Defendants state that "[o]n information and belief, the label for azoxystrobin technical was prepared on behalf of Greenfields Marketing Ltd.," but Defendants do not specify the nature of the relationship between Greenfields and any of Defendants. In particular, we ask that Defendants confirm or deny whether Greenfields Marketing Ltd. is, or has been, involved in the preparation of the labels for any of Defendants' azoxystrobin products.

**3. Interrogatory No. 10 and Requests for Production Nos. 7, 8, and 25**

Interrogatory No. 10 states:

For each Accused Product, Identify any and all third parties that supply any precursor, intermediate, active ingredient, or component (i.e., chemical composition) of each Accused Product or any service related to each Accused Product, describing in detail each third party's contribution, any agreements

governing such contribution, and how Defendants decided to engage or work with such third parties.

In response to this interrogatory, Defendants state that the accused products are formulated "using azoxystrobin manufactured by Yancheng Tai He Chemicals Co., Ltd. ("Taihe"), the manufacturer for EPA Registered Source Greenfields Ltd." Again, however, Defendants do not describe their relationship with Greenfields. Although Defendants reference a supply agreement between Taihe and Defendant Willowood Limited (WW000013-16), Defendants have not produced *any* agreements or other documents even referencing Greenfields. Please promptly supplement Defendants' response to describe Greenfields' "services related to each Accused Product" and any related agreements setting forth Greenfields' involvement. Please also describe how "Defendants decided to engage or work with" Taihe and Greenfields.

Further, we ask that Defendants produce the following documents which fall within the scope of documents Defendants agreed to produce by December 18, 2015 and that are responsive to at least Syngenta's Requests for Production Nos. 7, 8, and 25:

- Any and all agreements Defendants may have or have had with Greenfields;

- Any and all agreements between Greenfields and Taihe or any of the other third-party manufacturers of the intermediate compounds used in the manufacturing process for Defendants' azoxystrobin technical; and

- Any and all agreements between Greenfields and Pyxis Regulatory Consulting.

If Defendants contend that they are unaware of such agreements or that such agreements are not in their possession, custody, or control, please describe the basis for such contention and the efforts Defendants have undertaken to obtain such agreements.

### 4. Interrogatory No. 13 and Requests for Production Nos. 49-51

Interrogatory No. 13 states:

Identify any and all third-party suppliers of any EPA-registered source of technical azoxystrobin to any Defendant, and Identify the three Persons, whether or not they are currently employed by Defendants, most knowledgeable about each EPA-registered source of technical azoxystrobin that is supplied to any Defendant, describing in detail the substance of each Person's knowledge.

In response to this interrogatory, Defendants state that their EPA-registered source of azoxystrobin is "Greenfields Marketing Ltd." Greenfields, however, did not have any EPA

registration for azoxystrobin technical until after Defendants applied for EPA registrations for their own end-use azoxystrobin products. Please supplement Defendants' response to explain how and when Greenfields became Defendants' registered source. To the extent Defendants have filed any applications or had any communications with the EPA regarding changing their EPA-registered source of azoxystrobin technical, Defendants must describe such changes.

Further, we ask that Defendants promptly produce the following documents that are responsive to at least Syngenta's Requests for Production Nos. 49-51:

- The entire EPA dossiers for Azoxy 2SC, AzoxyProp Xtra, and Tebustrobin SC (also called AzoxyTeb);

- Documents and communications reflecting any change or requests to change the EPA-registered source of azoxystrobin technical used in Azoxy 2SC, AzoxyProp Xtra, and/or Tebustrobin SC.

We note that Defendants have already produced certain EPA records relating to Azoxy 2SC and AzoxyProp Xtra. To the extent there are further documents that have not been produced, in particular any documents relating to changes in the EPA-registered source of azoxystrobin technical, those documents must be produced as well.

### 5. Documents Relating to Tebustrobin SC/AzoxyTeb SC

Syngenta reminds the Defendants that the definition of "Accused Products" in Syngenta's discovery requests covers all of Defendants' products that incorporate azoxystrobin. This would cover any formulated azoxystrobin products that have entered the market since the time Syngenta filed the complaint in this action, including Defendants' Tebustrobin SC (also called AzoxyTeb SC) product that the EPA approved in September 2015. To date, Defendants' discovery responses and document production have not encompassed Tebustrobin SC. We ask that Defendants promptly supplement their discovery responses to incorporate information regarding Defendants' Tebustrobin SC and further supplement their document production with documents relating to Tebustrobin SC that are responsive to Syngenta's discovery requests and/or should have been produced in Defendants' December 18, 2015 document production.

KIRKLAND & ELLIS LLP

Peter Davis, Esq.
March 1, 2016
Page 5

Sincerely,

*Kourtney Baltzer /n.y.*

Kourtney Baltzer