# EXHIBIT 29

# WHITEFORD, TAYLOR & PRESTON L.L.P.

SEVEN SAINT PAUL STREET
BALTIMORE, MARYLAND 21202-1626

MAIN TELEPHONE (410) 347-8700
FACSIMILE (410) 752-7092

PETER J. DAVIS
PARTNER
DIRECT LINE (410) 347-8738
DIRECT FAX (410) 223-4304
PDavis@wtplaw.com

BALTIMORE, MD
BETHANY BEACH, DE*
BETHESDA, MD
COLUMBIA, MD
DEARBORN, MI
FALLS CHURCH, VA
LEXINGTON, KY
PITTSBURGH, PA
ROANOKE, VA
TOWSON, MD
WASHINGTON, DC
WILMINGTON, DE*

WWW.WTPLAW.COM
(800) 987-8705

March 7, 2016

**VIA E-MAIL**

Kourtney Baltzer
Kirkland & Ellis LLP
300 North LaSalle
Chicago, Illinois 60654

    Re: Syngenta Crop Protection, LLC v. Willowood, LLC et al., 1:15-cv-274 (M.D.N.C.)

Dear Kourtney:

  This letter responds to your March 1, 2016 letter in which you challenged the sufficiency of Defendants' responses to several of Syngenta's written discovery requests. In short, Defendants' responses are not deficient; they provide accurate and complete information to the best of Defendants' collective knowledge, and fully satisfy Defendants' obligations under the Federal and Local Rules. In an effort to avoid further dispute, and to seek to address the questions raised in your letter in good faith, Defendants further respond to the various numbered sections of your letter as follows.

**1. Interrogatory 1 and Requests for Production 4 and 6**

  Your letter suggests Defendants provided an incomplete response because Defendants (1) referred Syngenta to a single document that describes the manufacturing process for azoxystrobin, (2) did not identify any catalysts used in the manufacturing process, (3) did not specifically state whether the catalyst known as "DABCO" is used in the manufacturing process, and (4) did not identify the role of Greenfields Marketing in the manufacturing process.

  As we have confirmed in the past, Defendants do not manufacture azoxystrobin. Rather, Defendants purchase the product from third-parties. The document referenced in Defendants' response is, as you noted, titled "Azoxystrobin Manufacturing Process."

*Whiteford, Taylor & Preston L.L.P. is a limited liability partnership. Our Delaware offices are operated under a separate Delaware limited liability company, Whiteford, Taylor & Preston L.L.C.*

It is the best, most complete information Defendants have in their possession regarding the manufacturing process for azoxystrobin. As a result, the document referenced in Defendants' response provides an appropriate and complete response to Syngenta's request.

The remaining issues you noted appear to seek additional information that is not requested in Syngenta's discovery requests. For example, Interrogatory 1 does not ask whether catalysts are used in the manufacturing process, and certainly does not ask about the use (or non-use) of DABCO. Additionally, Interrogatory 1 does not ask for any information specific to Greenfields Marketing. That said, it is no accident that DABCO, and Greenfields Marketing were not mentioned in Defendants' response. To the best of Defendants' knowledge based on information provided by their manufacturer, DABCO is not used in the manufacturing process for the azoxystrobin technical that Willowood Limited purchases from Taihe. Similarly, Greenfields Marketing is not mentioned in response to Interrogatory 1 because it does not manufacture azoxystrobin for Defendants.

To reiterate, Defendants' responses to Interrogatory 1 and Requests for Production 4 and 6 are complete and proper. They fully respond to the plain language of the requests, and no further supplementation is necessary at this time. If, as discovery proceeds, Defendants learn any new or different information concerning the manufacturing process used to manufacture the azoxystrobin technical used for the formulation of their end-use products, they will supplement their responses in accordance with the Federal Rules of Civil Procedure and the Court's Local Rules.

**2.    Interrogatory 5**

Your letter states that Defendants' response to Interrogatory 5 is deficient because it does not specify the nature of the relationship between Greenfields Marketing and any of the Defendants. Interrogatory 5 does not ask for a description of the relationship between Defendants and Greenfields; Interrogatory 5 asks only for a description of the creation of labels, which Defendants provided. In an effort to avoid further dispute on this matter, Defendants can confirm that Greenfields Marketing was not involved in the preparation of any Willowood labels related to azoxystrobin.

**3.    Interrogatory 10 and Requests for Production 7, 8, and 25**

Your letter again suggests that Defendants provided an incomplete response because no information is provided regarding Defendants' relationship with

Greenfields Marketing.  As with the interrogatories discussed above, Interrogatory 10 does not request this information.

Moreover, Defendants objected to Interrogatory 10 on several grounds, including that it is overbroad, unduly burdensome, and not likely to lead to the discovery of admissible evidence.  Defendants specifically objected to the instruction in Interrogatory 10 to identify how Defendants decided to engage or work with third parties.

With respect to the bullet points in section 3 of your letter, Defendants are continuing to collect and review documents for production in response to Syngenta's document requests and will product all documents in their custody, control or possession that fall within the scope of Syngenta's Requests for Production Nos. 7, 8, and 25.  If the documents specifically identified in the bullet points in section 3 of your letter do not exist or are not in the possession of Defendants, Defendants have no obligation to explain why they do not exist, why there are not in Defendants' possession, or any efforts Defendants may have taken to obtain such agreements.

**4.      Interrogatory 13 and Requests for Production 49-51**

Your letter challenges Defendants' response to Interrogatory 13 because it does not describe how and when Greenfields Marketing became Defendants' registered source for azoxystrobin and because it says nothing about any communications with the EPA regarding changes to Defendants' registered source.  Importantly, interrogatory 13 does not request the information you claim is missing from Defendants' response.  Interrogatory 13 asks for two things:  (1) identification of any third-party suppliers of any registered source of technical azoxystrobin, and (2) a list of persons most knowledgeable about Defendants' registered source for azoxystrobin.  Defendants provided both, fully responding to Syngenta's request.  No supplementation is necessary at this time.

You also ask that Defendants produce certain documents that you believe would be responsive to Requests for Production 49-51.  Defendants have already produced a number of the documents described in your letter.  Defendants are continuing to review documents, and expect to make additional productions that will include documents that would be responsive to Requests for Production 49-51.

### 5. Documents Relating to Tebustrobin SC/AzoxyTeb SC

Finally, your letter asks Defendants to supplement their discovery responses to include information related to Tebustrobin. Your position relies on Syngenta's definition of "Accused Products," which purports to incorporate a number of products, including Tebustrobin. As you probably noted, Defendants objected to many of Syngenta's requests as being overbroad and unduly burdensome. These objections were included, among other reasons, because of Syngenta's overly-expansive definitions. Without waiving these objections, I note that Defendants have already produced documents relating to Tebustrobin/AzoxyTeb, and as Defendants continue to review and produce documents, I expect they will make additional productions that will include, among other things, documents related to Tebustrobin.

\* \* \*

Although we reiterate that Defendants' responses to Syngenta's discovery requests are accurate and complete, and satisfied Defendants' obligations under the Federal and Local Rules, we trust the information provided herein addresses the issues raised in your letter.

Sincerely,

/s/

Peter J. Davis

PJD:jlb

*2192149*