# EXHIBIT 30

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Kourtney Baltzer
To Call Writer Directly:
(312) 862-3405
kourtney.baltzer@kirkland.com

300 North LaSalle
Chicago, Illinois 60654

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

August 9, 2016

**Contains Information Designated
by Willowood as Confidential
or Attorneys' Eyes Only**

**VIA E-MAIL**

Barry Neuman, Esq.
Whiteford, Taylor & Preston
1800 M Street, NW, Suite 450N
Washington, D.C. 20036-5405
bneuman@wtplaw.com

Re: *Syngenta Crop Protection, LLC v. Willowood, LLC et al.*, 1:15-cv-274 (M.D.N.C.)

Dear Barry:

I write regarding a number of issues regarding Willowood, LLC, Willowood USA, LLC, Willowood Azoxystrobin, LLC and Willowood Limited's (collectively "Willowood") document production, which came to light during the deposition of Brian Heinze, and his testimony on behalf of Defendants as a Rule 30(b)(6) designee, on August 4, 2016.

   **1.     Willowood's Document Collection**

Mr. Heinze testified that Willowood collected documents from a number of individuals and entities whose documents have not been produced in this litigation. In particular, Mr. Heinze testified that Willowood requested that its opinion counsel, Christopher Hayden, turn over documents and that Mr. Hayden did in fact hand over documents to Willowood. (Heinze Dep. Tr., at 18:10-19.) This is contrary to Mr. Hayden's testimony in which he indicated that he had not handed over any documents to Willowood. (Hayden Dep. Tr., at 14:20-15:16.) Please confirm whether documents were collected from Mr. Hayden and please immediately produce any such documents. Mr. Heinze also testified that Willowood had collected documents from Greenfields Marketing Limited ("Greenfields") and that Greenfields turned over documents to Willowood. (Heinze Dep Tr. at 19:14-20:7.) Willowood, however, does not appear to have produced any documents from Greenfields. Please immediately supplement Willowood's production to include the documents collected from Greenfields.

Beijing     Hong Kong     Houston     London     Los Angeles     Munich     New York     Palo Alto     San Francisco     Shanghai     Washington, D.C.



Barry Neuman, Esq.
August 9, 2016
Page 2

### 3. Willowood's Sales Information Concerning Tebustrobin SC

During his deposition, Mr. Heinze confirmed that Willowood began selling Tebustrobin SC in July 2016. Please promptly supplement Willowood's production to include sales information concerning the recent sales of Tebustrobin SC. (Heinze Dep. Tr. at 138:3-7.)

### 4. Willowood's Pricing and Rebates of Azoxystrobin Products

In discussing Willowood's pricing and rebates of its azoxystrobin products, Mr. Heinze indicated that Willowood's invoices and sales orders do not reflect Willowood's rebates and that these rebates are instead reflected in accruals in Willowood's financial system. (Heinze Dep. Tr. at 147:2-10.) Please confirm whether Willowood has produced documents reflecting the rebates offered in connection with its sales of azoxystrobin products and the resulting net prices. If not, please immediately supplement Willowood's production to include these documents.

### 5. Willowood's Testing of Azoxystrobin for the Presence of DABCO

Mr. Heinze further confirmed that Willowood engaged JDM Research, a company owned by Mr. Mundra, to test samples of azoxystrobin technical supplied by Tai He and detected the presence of DABCO in the azoxystrobin technical supplied from Tai He. (Heinze Dep. Tr. at 269:14-22; 275:3-7.) Please confirm whether Willowood has produced all documents relating to this testing of Tai He's azoxystrobin technical. If not, please immediately supplement Willowood's production to include this documentation. Please also confirm whether Willowood engaged any other entity to test Tai He's technical azoxystrobin to detect the presence of

# KIRKLAND & ELLIS LLP

Barry Neuman, Esq.
August 9, 2016
Page 3

DABCO and if so, please immediately supplement Willowood's production to include documentation reflecting such testing.

### 6. Entry Numbers 13, 14, 18, 37, and 38 on Willowood's Privilege Log

Willowood has continued to withhold a number of documents as privileged that reflect legal advice from Chris Hayden concerning the patents that are asserted in this litigation. We believe Willowood has waived any privilege or work product protection as to these communications. Willowood previously stated that these communications relate to the relationship between Greenfields and Willowood in the context of Syngenta's letter to Greenfields. (*See* July 8, 2016 Email from P. Davis to H. Santhanam.) In that letter to Greenfields, Syngenta requested that Greenfields provide the manufacturing process and specifications for its azoxystrobin to confirm whether Greenfields was infringing any claims of Syngenta's patents, including all of the patents that are asserted in this litigation. (SYN 279358.) As Mr. Heinze confirmed during his deposition, Greenfields is a holding company created by and for Willowood. (Heinze Dep. Tr. at 280:6-9; 284:2-12; 285:3-9.) As such, and because the azoxystrobin technical of Willowood and Greenfields is the same, any advice provided by Mr. Hayden with respect to Greenfields' infringement or noninfringement of Syngenta's patents is inherently advice regarding Willowood's infringement as well. Mr. Hayden even confirmed this during his deposition when he stated that he is not familiar with Greenfields, he does not know the relationship between Willowood and Greenfields, and that he has not advised Willowood regarding its relationship with Greenfields. (Hayden Dep. Tr. at 239:12-15; 240:19-21; 241:3-6.).) Mr. Hayden could not have provided legal advice relating to "the relationship between Greenfields and Willowood" if he is not even aware of that relationship. Thus, please immediately supplement Willowood's production of documents to include the above-listed entries on Willowood's privilege log that Willowood has thus far withheld as privileged.

We look forward to your prompt response addressing the above issues. As the deadline for initial expert witness disclosures on issues for which each party bears the burden of proof is fast approaching, please confirm by end of day Wednesday, August 10, 2016 whether Willowood will be producing documents in response to each of the above issues and please produce the additional documents no later than Friday, August 12, 2016.

Sincerely,

*/s/ Kourtney Baltzer*_____

Kourtney Baltzer