IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SYNGENTA CROP PROTECTION, )
LLC, )
 )
       Plaintiff, )
 )
   v. ) 1:15-CV-00274
 )
WILLOWOOD, LLC, et al., )
 )
 )
       Defendant. )

## ORDER

Syngenta Crop Protection, LLC has sued four affiliated companies, denominated collectively here as Willowood, claiming patent and copyright infringement. Because the Federal Insecticide Fungicide and Rodenticide Act (FIFRA) precludes copyright protection for the required elements of pesticide labels as against the labels of me-too registrants, the Court will grant summary judgment to Willowood on Syngenta's copyright claims. *Cf. SmithKline Beecham Consumer Healthcare, LP. v. Watson Pharm., Inc.,* 211 F.3d 21, 29 (2d Cir. 2000) (holding that the Hatch-Waxman Act precludes copyright protections for prescription drug labels as against generic drug manufacturers).

The Court appreciates the analysis of *FMC Corp. v. Control Solutions, Inc.*, 369 F. Supp. 2d 539, 555-71 (E.D. Pa. 2005), but finds it unconvincing. FIFRA contemplates that a "me-too" applicant will copy from the original pesticide label in ways that would otherwise infringe a copyright. 7 U.S.C. § 136a(c)(3)(B)(i)(I). Even with some changes, use of the original pesticide label as a "go by" for the new label will result in copyright

infringement. *See* 17 U.S.C. § 106; *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 801 (4th Cir. 2001) (discussing substantially similar standard for copyright infringement). In enacting FIFRA, Congress intended a narrow exception to copyright protection for the required elements of pesticide labels as against me-too registrants.

Syngenta has moved to exclude an expert report from Steven Schatzow and declarations from Gerald Simmons, Lois Rossi, Debra Edwards, and Janelle Kay, all offered by Willowood in its defense of Syngenta's copyright claims. Because the Court is granting the summary judgment motion on legal grounds unrelated to the proffered evidence, the Court has not considered this evidence and concludes that these evidentiary motions are moot.

It is **ORDERED** that the Willowood's motion for summary judgment, Doc. 87, is **GRANTED in part** as to Counts V and VI and Syngenta's copyright claims are dismissed. It is further **ORDERED** that Syngenta's motions to exclude Mr. Schatzow's report, Doc. 90, and certain declarations, Doc. 106, are **DENIED as moot**.

This the 10th day of April, 2017.

_____
UNITED STATES DISTRICT JUDGE