IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SYNGENTA CROP PROTECTION, )
LLC, )
 )
      Plaintiff, )
 )
      v. ) 1:15-cv-274
 )
WILLOWOOD, LLC, et al., )
 )
      Defendants. )

## **MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

    Syngenta Crop Protection, LLC has sued four affiliated companies, denominated collectively as Willowood, claiming patent and copyright infringement. The Court considers here five motions to seal exhibits filed in connection with evidentiary and summary judgment motions. Having resolved those evidentiary and summary judgment motions, Docs. 141, 143, 150, and having considered the record, the Court will grant in part, deny in part, and otherwise defer these motions to seal.

    **I.    Background**

    "[T]he courts of this country recognize a general right to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right of public access to judicial records derives from the First Amendment and the common law. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). When a party asks to seal judicial records, the court "must

determine the source of the right of access with respect to each document," and then "weigh the competing interests at stake." *Id.* at 576 (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988)). The Court must also (1) give the public notice and a reasonable opportunity to challenge the request to seal; (2) "consider less drastic alternatives to sealing;" and (3) if it decides to seal, make specific findings and state the reasons for its decision to seal over the alternatives. *Id.* (citing *Stone*, 855 F.2d at 181); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253-54 (4th Cir. 1988).

"[T]he common law presumption in favor of access attaches to all judicial records and documents," but the "First Amendment guarantee of access has been extended only to particular judicial records and documents." *Stone*, 855 F.2d at 180 (citations omitted). Judicial records are "documents filed with the court . . . [that] play a role in the adjudicative process, or adjudicate substantive rights." *In re Application of U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) (collecting cases). To the extent the court does not rely on a document to reach its decision, the document is not a judicial record and no right of access applies. *Hunter v. Town of Mocksville*, 961 F. Supp. 2d 803, 806 (M.D.N.C. 2013) (citing *In re Application*, 707 F.3d at 290-91); *see United States v. Moussaoui*, 65 F. App'x 881, 889 (4th Cir. 2003) (observing some court-filed documents "may not qualify as 'judicial records' at all").

The First Amendment right of access applies to judicial records when (1) "the place and process have historically been open to the press and general public," and when (2) "public access plays a significant positive role in the functioning of the particular

2

process in question." *In re Application*, 707 F.3d at 291 (quotation omitted). Because the public has a right to attend trials and oversee the courts, the First Amendment protects the public's right to access "the evidence and records filed in connection with summary judgment proceedings." *E.g.*, *Doe v. Pub. Citizen*, 749 F.3d 246, 267 (4th Cir. 2014).

Whether derived from the common law or the First Amendment, the public's right of access "may be abrogated only in unusual circumstances." *Stone,* 855 F.2d at 182. The party seeking to limit public access bears the burden to show that sealing is appropriate. *Rushford*, 846 F.2d at 253; *see Pub. Citizen*, 749 F.3d at 272. To overcome the common law presumption of access, the party seeking to seal documents must show "a significant countervailing interest…that outweighs the public's interest in openness." *See In re Application*, 707 F.3d at 293 (citation omitted); *Cochran v. Volvo Grp. N. Am., LLC*, 931 F. Supp. 2d 725, 729 (M.D.N.C. 2013). The First Amendment right of access to judicial records "yields only in the existence of a 'compelling governmental interest . . . that is narrowly tailored to serve that interest.'" *In re Application*, 707 F.3d at 290 (quoting *Va. Dept. of State Police*, 386 F.3d at 575).

The party seeking to seal must provide specific reasons to support its position. *Va. Dep't of State Police,* 386 F.3d at 575; *Press–Enter. Co. v. Superior Court,* 478 U.S. 1, 15 (1986) (holding that "[t]he First Amendment right of access cannot be overcome by [a] conclusory assertion"). Claims of confidentiality for court filings cannot be made indiscriminately and without evidentiary support. *Bayer CropSci. Inc. v. Syngenta Crop Prot., LLC*, No. 13-CV-316, 2013 WL 12137000, at *1 (M.D.N.C. Dec. 12, 2013); *accord GoDaddy.com LLC v. RPost Commc'ns Ltd*, No. CV-14-00126, 2016 WL

3

1158851, at *2 (D. Ariz. 2016) ("[B]road allegations of harm, unsubstantiated by specific examples of articulated reasoning is [sic] not enough to overcome the strong presumption in favor of public access." (quotation omitted)). Statements in a brief are not evidence and are insufficient to justify a motion to seal. *Cochran*, 931 F. Supp. 2d at 730 (citing *INS v. Phinpathya*, 464 U.S. 183, 188 n.6 (1984)).

"[B]usiness information that might harm a litigant's competitive standing" may be a sufficient interest to overcome both the common law and First Amendment rights of access. *Nixon*, 435 U.S. at 598 (holding that "the common-law right of inspection has bowed before the power of a court to insure that its records" do not serve "as sources of business information that might harm a litigant's competitive standing"); *see also Pub. Citizen*, 749 F.3d at 269 (indicating in dicta that a company's "strong interest in preserving the confidentiality of its proprietary and trade-secret information . . . may justify partial sealing of court records.")

## II. Waived or Withdrawn Claims

The Local Rules require that a party filing documents designated by another party as confidential must file a motion to seal. LR 5.4(c). The party claiming confidentiality must then file a brief in support of sealing. LR 5.4(d). Failure to file such a brief will ordinarily result in denial of the motion to seal. *Id*.

Pursuant to this rule, Syngenta filed a motion to seal materials that it submitted in opposition to Willowood's motion for summary judgment and that Willowood had designated as confidential. Doc. 111. Willowood did not file a brief in support of the motion to seal as required by the local rules. *See* LR 5.4(d). There is nothing in the

4

record to support Willowood's claim of confidentiality for these two documents - portions of Mr. Wu's deposition excerpts[1] and portions of Syngenta's brief.[2] Therefore, the Court will deny the motion, Doc. 111, as to Mr. Wu's deposition excerpts and the portions of Syngenta's brief.

On Willowood's behalf, Syngenta filed another motion to seal some of the exhibits filed with its motion for partial summary judgment and its motion to exclude certain expert opinions. Doc. 91. In the brief filed in support of its confidentiality claims, Willowood identified several documents[3] that it no longer contends should be sealed. *See* Doc. 100 at 2. These documents will therefore be unsealed. One of these documents closely matches the contents of another document that Willowood elsewhere seeks to seal.[4] Because the information will be publicly available, there is no reason to

---

[1] Doc. 114-1 (redacted at Doc. 110-3). Due to eccentricities of the electronic filing system and the number of motions to seal, it can be hard to locate the documents at issue in these motions on the electronic docket. The Court will use this format, in hopes of being clear: In the first citation for each exhibit or brief at issue, the Court will provide a description of the document and identify the electronic CM-ECF docket number where the sealed, unredacted exhibit or brief can be located. For those documents where a litigant does not seek to seal the entire document but only certain information in the document, the Court will also provide the ECF docket number for the publicly available, redacted version in a parenthetical. Thus, the sealed, unredacted copy of Mr. Wu's deposition excerpts is at Doc. 114-1 and the publicly available, redacted version is at Doc. 110-3. When and if the document or brief is referenced again, the Court will provide the ECF docket number for the sealed, unredacted exhibit alone, without the description or the docket number to the redacted version.

[2] Doc. 113 (redacted at Doc. 109).

[3] Operating procedures for axozystrobin, Doc. 99-17; Willowood/Pyxis Emails, Doc. 99-18; Baltzer's Aug. 9 Letter, Doc. 99-19 (redacted at Doc. 96-30); Dr. Fortunak's Expert Report, Doc. 99-1 at ¶¶ 46-48 (redacted at Doc. 96-1).

[4] *Compare* Operating procedures for axozystrobin, Doc. 99-17 *with* Azoxystrobin manufacturing process, Doc. 99-8.

seal the same information in another document. *See In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The Court will deny the motion to seal, Doc. 91, as to these documents.[5]

**III. Notice**

The Court has complied with the notice requirements set forth in *Stone* and *Rushford*. Syngenta and Willowood filed these motions to seal between October and December 2016. *See* Docs. 89, 117. Neither party nor any other entity has objected to any of the motions to seal since they were filed last year. *See Mears v. Atl. Se. Airlines, Inc.*, No. 5:12-CV-613-F, 2014 WL 5018907, at *2 (E.D.N.C. Oct. 7, 2014) ("The filing of a litigant's motion to seal . . . is sufficient to provide public notice and opportunity to challenge the request to seal." (citation omitted)).

**IV. Classification of Documents**

    **a. Not Judicial Records**

The parties seek to seal several exhibits[6] on which the Court did not rely to determine the relevant evidentiary and summary judgment motions. Because the Court did not rely on these exhibits, they were not part of the adjudicative process. Therefore, these exhibits are not judicial records and the public does not have a right to access them.

---

[5] While Syngenta filed a copy of Mr. Mundhra's deposition excerpts under seal, Doc. 99-5, it also filed the document on the public docket. Doc. 96-11. That exhibit does not appear to be part of Syngenta's motion to seal, *see* Doc. 91 at 1-3, and to avoid confusion the Court shall unseal it.

[6] Docs. 99-11 to 99-16; Doc. 99-22. Since these documents are not judicial records, the Court has not included a description of their content.

*Hunter*, 961 F. Supp. 2d at 806 (citing *In re Application*, 707 F.3d at 290-91); *see also Moussaoui*, 65 F. App'x at 889.

The Court considered publicly filed, redacted versions of Willowood's Answers and Objections to Syngenta's Fourth Set of Interrogatories, Doc. 96-8, and of Mr. Jarosz's deposition excerpts, Doc. 96-40, and did not rely on the sealed, unredacted versions.[7] Thus, the sealed versions are not judicial records and no right of access applies.

The Court will therefore grant the motion to seal, Doc. 91, as to these documents, identified by CM-ECF docket number in footnotes 6 and 7.

### b. Judicial Records

The remaining documents at issue were submitted in connection with the parties' cross-motions for summary judgment,[8] Docs. 87, 93, and with Syngenta's motions to

---

[7] Docs. 99-3, 99-21.

[8] In the listed motion that follows, Syngenta seeks to seal:
- Motion to Seal, Doc. 89
  - Willowood's Brief in Support of its Motion for Summary Judgment, Doc. 89-1 (redacted at Doc. 88)
  - Fortunak Deposition Excerpts, Doc. 89-2 (redacted at Doc. 88-2)
- Motion to Seal, Doc. 111
  - Syngenta's Brief in Opposition to Willowood's Motion for Summary Judgment, Doc. 113 (redacted at Doc. 109)
  - Additional Fortunak Deposition Excerpts, Doc. 114-2 (redacted at 110-4)
- Motion to Seal, Doc. 117
  - Willowood's Reply Brief in support of its Motion for Summary Judgment, Doc. 117-1 (redacted at Doc. 118)
  - Additional Fortunak Deposition Excerpts, Doc. 117-2 (redacted at Doc. 118-1).

In the motion to seal at Doc. 91, Willowood seeks to seal:
- Syngenta's Brief in Support of its Motion for Partial Summary Judgment, Doc. 98 (redacted at Doc. 95)

7

exclude certain expert opinions.[9] Doc. 90. Because the Court considered these materials in deciding those motions, the documents "play[ed] a role in the adjudicative process" and therefore are judicial records. *In re Application*, 707 F.3d at 290.

### c. Analysis

The First Amendment right of access applies to the documents that the Court considered in deciding the parties' cross motions for summary judgment.[10] *See Pub. Citizen*, 749 F.3d at 267. At a minimum, the common law right of access applies to the documents that the Court considered in deciding the motion to exclude because they are judicial records.[11]

---

- Dr. Fortunak's Expert Report, Doc. 99-1 (redacted at Doc. 96-1). Though Willowood de-designated Doc. 99-1 at ¶¶ 46-48, *supra* p.5, it seeks to seal other portions.
- Dr. Lipton's Rebuttal Report, Doc. 99-2 (redacted at Doc. 96-4)
- Mr. Heinze's Deposition Excerpts, Doc. 99-4 (redacted at Doc. 96-10)
- Additional Excerpts from Mr. Wu's Deposition, Doc. 99-6 (redacted at Doc. 96-13)
- Contract between TaiHe and Willowood, Doc. 99-7
- Production Document, Doc. 99-9
- Internal Emails at Willowood, Doc. 99-10

[9] Syngenta seeks to seal:
- Motion to Seal, Doc. 104
  - Mr. Jarosz's rebuttal report, Doc. 104-2 (redacted at Doc. 102-6)
  - Willowood's Response to Syngenta's Motion to Exclude Certain Expert Reports, Doc. 104-1 (redacted at Doc. 102)
- Motion to Seal, Doc. 91
  - Mr. Jarosz's supplemental report, Doc. 99-20 (redacted at Doc. 96-39)

[10] These documents are listed *supra* note 8.

[11] These documents are listed *supra* note 9. "[T]he Fourth Circuit has never clarified which right of access attaches to documents filed with non-dispositive pretrial motions" and it is unclear whether the First Amendment right of access also applies to these documents. *Guessford v. Pa. Nat'l Mut. Cas. INS Co.*, No. 12CV260, 2014 WL 12594127, at *2 (M.D.N.C. Sept. 30, 2014) (collecting cases). Because Syngenta has not shown that sealing is appropriate even under

As noted *supra*, the party seeking to limit public access bears the burden to show that sealing is appropriate. Syngenta and Willowood fail to meet their burden under even the less demanding common law standards. Neither party has offered affidavits from knowledgeable witnesses or other evidence that the information they seek to seal is confidential.[12] Instead, the litigants provide only broad assertions of confidentiality in briefs and motions signed by counsel.[13] These assertions by counsel do not identify which documents contain what kind of confidential information.[14] These unsupported and non-specific assertions of confidential business information and financial harm are

---

the less demanding common law standard, the Court need not decide at the moment whether the First Amendment right of access also applies.

[12] While the parties moved for a joint protective order during discovery, Doc. 41, they have not stipulated to the Court that the documents subject to the motions to seal are confidential business information. *See Cochran*, 931 F. Supp. 2d at 730 (noting the parties' stipulation that documents contain confidential business information can be considered as evidence, though it is not necessarily determinative).

[13] For example, counsel for Syngenta asserts broadly that the documents Syngenta seeks to seal contain "highly sensitive and confidential business and financial information" that will cause "competitive and financial harm" if made public. Doc. 97 at 5. Similarly, counsel for Willowood broadly asserts that the documents Willowood seeks to seal "contain private business information" the disclosure of which would cause "competitive harm." Doc. 100 at 1, 5

[14] For example, counsel for Syngenta contends that the documents contain information on Syngenta's "business and sales strategies as they pertain to azoxystrobin products," Doc. 115 at 4, and "information regarding Syngenta's manufacture of its azoxystrobin products and tests performed by Syngenta that pertain to the manufacture of azoxystrobin." Doc. 124 at 4; Doc. 112 at 4; Doc. 101 at 4. Counsel for Willowood asserts that Willowood seeks to seal documents with "(1) information concerning Willowood's profits, unit costs, and revenues earned from the sale of its azoxystrobin products; (2) the terms of one of its current supply contracts; (3) Willowood's ongoing internal deliberations concerning potential sources of pesticide product; and (4) the identities of the manufacturers of various components of the technical grade azoxystrobin that it purchases to make its end use products." Doc. 100 at 5. None of the briefs identify which exhibits sought to be sealed fall into which of these categories.

insufficient to meet the moving party's burden to show the significant countervailing interest required to overcome the common law right of access, much less the First Amendment right of access.

During its review of each document to determine the source of the right of access, the Court also considered the content of the documents. For many of the documents, the Court saw nothing that appears confidential. In the absence of evidence, the Court will deny the motions as to these documents.[15]

In contrast, some documents facially appear highly likely to contain sensitive business information.[16] The Court could deny the motion as to these documents as well, as it is not the Court's job to do the work a litigant failed to do[17] and litigants are not entitled to a second chance, especially when the law is well-established. *See supra* pp. 3-4. In the exercise of its discretion, however, the Court will give Syngenta and Willowood seven days to supplement the evidentiary record for the documents listed in footnote 16.

---

[15] The Court will deny the motions to seal as to the following documents:
- Motion to Seal, Doc. 89: Docs. 89-1, 89-2
- Motion to Seal, Doc. 117: Docs. 117-1, 117-2
- Motion to Seal, Doc. 91: Docs. 98, 99-1, 99-2, 99-6, 99-10
- Motion to Seal, Doc. 104: Docs. 104-1, 104-2

[16] The following documents related to the motion to seal at Doc. 91 appear likely to contain confidential information for Willowood: Docs. 99-4, 99-7, 99-9.
The following documents appear likely to contain confidential information for Syngenta:
- Motion to Seal, Doc. 91: Doc. 99-20
- Motion to Seal, Doc. 111: Docs. 113, 114-2

Some of these confidentiality designations appear to be overbroad, especially in light of the documents that will be publicly available following this order. The Court encourages the parties not to pursue overly broad confidentiality designations.

[17] *Hughes v. B/E Aerospace, Inc.*, No. 1:12CV717, 2014 WL 906220, at *1 n.1 (M.D.N.C. Mar. 7, 2014) ("A party should not expect a court to do the work that it elected not to do.")

10

As to these particular documents, the party seeking to limit public access may submit affidavits to explicitly identify the specific document, or information in a document, that it seeks to seal and to provide a specific explanation of the facts supporting the motion to seal for each document or category of documents. Any affidavit must specifically identify the relevant documents by description, by the ECF docket number assigned to the sealed document, and by the ECF docket number assigned to the unsealed redacted document if there is one. With one exception set forth *infra*, the parties may not submit additional briefing.

Syngenta may file a short brief, no longer than five pages, on the limited issue of whether Mr. Jarosz's supplemental report[18] is subject to the common law or First Amendment right of access. *See supra* note 11. The Court notes that even if Mr. Jarosz's supplemental report is only subject to a common law right of access at this point, it would become subject to a First Amendment right if it is offered at trial, and in the absence of a supplemental brief, the Court will apply the First Amendment right of access now as well.

Finally, there are other pending motions to seal materials submitted in connection with pending evidentiary motions. Docs. 146, 149, 153. The Court will allow litigants seven days to file additional evidence in support of these pending motions to seal. If the evidence is insufficient, there will be no third chance. As to any future motions to seal, the Court will not allow a second chance.

---

[18] Doc. 99-20.

## V. Conclusion

It is **ORDERED** that the pending motions to seal are granted in part, denied in part, and deferred in part, as follows:

1. The Motion to Seal at Doc. 89 is **DENIED**. The Clerk shall unseal the documents filed at Doc. 89-1 and Doc. 89-2.

2. The Motion to Seal at Doc 91 is:

   a. **GRANTED** as to Docs. 99-3, 99-11 to 99-16, 99-21, and 99-22. The Clerk shall maintain these documents under seal.

   b. **DENIED** as to Docs. 98, 99-1, 99-2, 99-5, 99-6, 99-8, 99-10, 99-17, 99-18, and 99-19. The Clerk of Court shall unseal these documents.

   c. **DEFERRED** as to Docs. 99-4, 99-7, 99-9, and 99-20. For now, the Clerk shall maintain these docs under seal.

3. The Motion to Seal at Doc 104 is **DENIED**. The Clerk shall unseal the documents filed at Doc. 104-1 and 104-2.

4. The Motion to Seal at Doc 111 is:

   a. **DENIED** as to Doc. 114-1. The Clerk of Court shall unseal this document.

   b. **DENIED as to Willowood's information and DEFERRED as to Syngenta's information** in Doc. 113. For now, the Clerk shall maintain this document under seal.

   c. **DEFERRED** as to Doc. 114-2. The Clerk shall maintain this document under seal.

5. The Motion to Seal at Doc. 117 is **DENIED** as to Doc. 117-1 and Doc. 117-2. The Clerk of Court shall unseal these documents.

6. Syngenta is allowed seven days to submit affidavits in support of sealing Docs. 99-20, 114-2 and 113. Willowood is allowed seven days to submit affidavits in support of sealing Docs. 99-4, 99-7, and 99-9. To the extent the party narrows its confidentiality assertions, it must submit appropriately redacted versions. Within that same time, Syngenta may submit a brief no longer than five pages directed to the issue of whether the First Amendment right of access or the common law right of access applies to Mr. Jarosz' supplemental report, Doc. 99-20.

7. As to other pending motions to seal not addressed by this Order, Docs. 146, 149, 153, the litigants may file supplemental affidavits in the next seven days without seeking leave of court.

This the 4th day of May, 2017.

_____
UNITED STATES DISTRICT JUDGE