IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SYNGENTA CROP PROTECTION, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:15-CV-274 |
| WILLOWOOD, LLC; WILLOWOOD USA, LLC; WILLOWOOD AZOXYSTROBIN, LLC; and WILLOWOOD LIMITED, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

Through three motions in limine, Syngenta seeks to preclude Willowood from using recently disclosed witnesses and documents at the upcoming trial. This evidence concerns whether the process for manufacturing Willowood's azoxystrobin technical infringes the '138 and '761 patents and whether there are non-infringing alternatives to the patented processes.[1] Because Willowood's late disclosure was not substantially justified and is not harmless, the Court will grant the motions in limine and exclude Willowood's late-disclosed witnesses and documents.

The trial of this case will begin on September 5, 2017. Doc. 136 at ¶ 1. Pursuant to the Court's orders, Willowood and Syngenta exchanged pretrial disclosures on May

---

[1] Details on the facts and procedural history of this case are set forth in several previous decisions and orders and are not repeated here. *See, e.g.*, Doc. 141; Doc. 265 at 1-4.

25, 2017 and then filed them on June 1, 2017. *See* Docs. 188, 189. In its pretrial disclosures, Willowood identified several witnesses it intended to call to testify at trial who had not been listed as potential witnesses in its Rule 26 initial or supplemental disclosures. *Compare* Doc. 188-1 at 2 *with* Doc. 120-5 at 2 and Doc. 118-2 at 2-6.[2] On the 3rd and 5th of July 2017, Willowood identified and provided copies of several documents as trial exhibits which it had not previously disclosed during discovery. Doc. 256-1 at ¶¶ 9-10. Syngenta moves to preclude these witnesses from testifying and to exclude the documents from evidence under Federal Rule of Civil Procedure 37(c). Doc. 213; Doc. 214 at 24-25, 28-29; Doc. 242.[3]

Early in the litigation, a litigant must disclose the information and witnesses that it "may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). "The purpose of Rule 26(a) is to allow the parties to adequately prepare their cases for trial and to avoid unfair surprise." *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 (4th Cir. 2014). A party must also supplement its disclosures if it obtains new information, "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Federal Rule of Civil Procedure 37(c) provides "strong inducement" for following the disclosure requirements of Rule 26(a) and (e). Fed. R. Civ. P. 37(c) Advisory Comm.

---

[2] Willowood did list Tai He, the employer of two of the newly disclosed witnesses, as a company "likely to have information relating to the process(es) by which Defendants' Azoxystrobin Technical is manufactured." Doc. 118-2 at 4-5.

[3] Syngenta later withdrew its objection to the testimony of Andy King. Doc. 257 at 13.

Notes (1993). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The Fourth Circuit considers the following factors to be "helpful in determining whether a party's nondisclosure of evidence was substantially justified or harmless:"

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of the party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596-97 (4th Cir. 2003). The first four factors "relate primarily to the harmlessness exception, while the last factor, addressing the party's explanation for its nondisclosure, relates mainly to the substantial justification exception." *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017).

Whether the late-disclosed evidence is harmful to the opposing party often depends on whether any resulting surprise, or prejudice, to the opposing party can be cured. *See S. States*, 318 F.3d at 596. For instance, in *Bresler*, the Fourth Circuit upheld the admission of a new damages calculation as harmless because surprise was minimal when the new calculation decreased damages and the opposing party had notice of the damages theory and did not take steps to cure potential harm despite having the exhibit for two months before trial. 855 F.3d at 193-94. In contrast, the Fourth Circuit upheld the exclusion of a new witness and new evidence disclosed two months before trial to prevent unfair surprise when the defendant did not identify its own employee as a

potential witness and when the new evidence presented "an entirely new factual basis" for its defense. *Russell*, 763 F.3d at 397-98.

Disruption to trial also weighs against admission of late disclosed evidence. Additional rounds of depositions and supplemental reports and briefing would completely disrupt the trial schedule, and ongoing objections to an undisclosed witness' testimony and evidence offered in rebuttal disrupt the trial itself. *See BorgWarner, Inc. v. Honeywell Int'l, Inc.*, 750 F. Supp. 2d 596, 605-06 (W.D.N.C. 2010) (excluding testimony by a late-disclosed expert).

### 1. The Evidence at Issue

Willowood proposes to call five witnesses and to offer into evidence two new groups of documents, none of which were previously disclosed as witnesses and information that it might use "to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A); *see* Doc. 188-1 (listing witnesses); Doc. 220 (adding Exhibits 167-69).

Willowood proposes to call three of its own employees as witnesses. Matt Heinze would be asked questions about various emails that he wrote or received on Willowood's pricing, sales, and marketing of azoxystrobin and that Syngenta plans to place in evidence. Rajesh Jain and Sophia Wang would be asked questions about various emails that they wrote or received concerning the etherification and condensation steps of the manufacturing process.

The first group of documents consists of process descriptions from third-party manufacturers, particularly CAC Chemical and an Indian manufacturer, on how they manufacture azoxystrobin. *See* Doc. 256-1 at ¶ 10; Doc. 220 at 15 (describing Exhibits

4

167-68). Willowood has also identified two employees of CAC, stating that it intends to call one of them to authenticate the CAC documents and explain the process that the documents describe. *See* Doc. 226 at 20.

The second group of documents consists of inventory and warehouse records from Tai He, Willowood's supplier of azoxystrobin. *See* Doc. 256-1 at ¶ 9; Doc. 220 at 15 (describing Exhibit 169). Willowood asserts that these documents tend to prove that Willowood does not infringe the '138 Patent because they show that Tai He purchases an intermediate product from another Chinese manufacturer, rather than performing the etherification step itself. Willowood also asserts that these documents tend to prove that Willowood does not infringe the '761 Patent because they do not show any purchases of DABCO. Finally, it has identified two employees of Tai He as potential witnesses, stating that it would call one of them to authenticate and explain the recently disclosed documents. *See* Doc. 226 at 19-20 & n.8.

### 2. Willowood did not timely disclose the witnesses and documents.

Willowood did not identify these witnesses or documents in its initial disclosures, or in any supplement, as witnesses or documents it would use to support its defenses. *See* Doc. 120-5 at 2; Doc. 118-2 at 2-6. Willowood did not identify the witnesses and provide the documents until some ten months after the close of discovery. *See* Doc. 48 at ¶ 4 (ending fact discovery, apart from limited extensions, on July 29, 2016); Doc. 188-1 (listing new witnesses in pretrial disclosure on June 1, 2017); Doc. 256-1 at ¶¶ 9-10 (explaining new documents were disclosed in early July). At that point, Syngenta could not depose the witnesses or conduct additional discovery on the newly disclosed

5

documents without the Court's permission. Moreover, trial was fast approaching and pretrial hearings and deadlines for motions, proposed instructions, and other trial-related documents required by the Court filled the time leading up to trial. *See* Doc. 136.

Willowood contends that it had otherwise made known to Syngenta that Matt Heinze, Rajesh Jain, and Sophia Wang were likely to be called as witnesses. *See* Fed. R. Civ. P. 26(e)(1)(A). Rule 26(e) provides that a litigant must supplement its initial disclosures under Rule 26(a) when "the additional or corrective information has not otherwise been made known" to the opposing party. *Id*. Willowood contends that because these three employees were mentioned in emails disclosed by Willowood and came up during depositions of other witnesses, Syngenta was on notice that they might be called as witnesses.

Mentioning a potential witness during discovery or producing documents disclosing their names does not ordinarily satisfy the disclosure requirements of Rule 26. *E.g.*, *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014) ("That another witness has made a passing reference in a deposition to a person with knowledge or responsibilities who could conceivably be a witness does not satisfy a party's disclosure obligations").[4] Reference to a witness in discovery documents,

---

[4] *Nat'l Union Fire Ins. Co. v. Tyco Integrated Sec., LLC*, No. 13-CIV-80371, 2015 WL 11251736, at *1 (S.D. Fla. July 29, 2015) ("[T]he mere identification of a witness is insufficient to negate a plaintiff's need to supplement."); *Coene v. 3M Co.*, 303 F.R.D. 32, 47 (W.D.N.Y. 2014) ("A party's mere knowledge of the existence of a witness is insufficient to alert the party that the opposing party might call the witness in support of their claims or defenses."); *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 72 (E.D.N.Y. 2012) ("[T]he mere mention of a name in a deposition or interrogatory response is insufficient to satisfy Rule 26(a)(1)(A)(i).").

interrogatories, or depositions or even knowledge that someone has relevant information is insufficient to provide notice that the person might be called as a witness by the opposing party. *E.g.*, *World Wide Ass'n of Spec. Programs v. Pure, Inc.,* , No. 2:02-CV-00010, 2004 WL 5620058 at *5 (D. Utah July 20, 2004) ("There is a significant difference between knowing that someone may have relevant testimony and that someone will be called to testify as a witness" (quotation omitted)).[5] To find otherwise would place an undue burden on the other party. *See Ollier*, 768 F.3d at 863 ("An adverse party should not have to guess which undisclosed witnesses may be called to testify."); *Taylor v. N.Y. State Office for People With Dev'l Disabilities*, No. 1:13-CV-740, 2016 WL 2858856, at *6 (N.D.N.Y. May 13, 2016) ("Defendants were not required to cull the document production and assume that plaintiff would call at trial any number of the individuals mentioned therein.").

Indeed, the Fourth Circuit upheld a district court's decision to exclude a newly disclosed witness, despite references to the witness in deposition testimony and discovery responses, when the new witness had not been identified in response to discovery requests that expressly sought identification of potential witnesses. *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 329-330 (4th Cir. 2011). The Fourth Circuit found that the district court did not abuse its discretion in excluding the witness' declaration. *Id.*

---

[5] *Accord Krakauer v. Dish Network L.L.C.*, No. 14-cv-333, Doc. 222 at 3 (M.D.N.C. Aug. 15, 2016) (discussing difference between knowing that someone has relevant information and knowing that the other party intends to offer that person as a witness); *Poitra v. Sch. Dist. No. 1*, 311 F.R.D. 659, 666 (D. Colo. 2015) ("[K]nowledge of the existence of a person is distinctly different from knowledge that the person will be relied upon as a fact witness.").

7

The cases on which Willowood relies are factually quite different. In *Mostofi v. Experian Info. Sols., Inc.*, 2014 U.S. Dist. LEXIS 194744, at *20-27 (D. Md. Mar. 5, 2014), the plaintiff knew from a deposition that a particular witness was the only source of certain information, and the Court found that the witness was timely disclosed. In *Grant Thornton, LLP v. FDIC*, 2004 U.S. Dist. LEXIS 30746, at *4 (S.D.W. Va. May 6, 2004), the objecting party itself had actually relied on the witness. Neither is the situation here.

Syngenta was entitled to rely on Willowood's disclosures as to who its witnesses were likely to be. *See McCollum v. UPS Ground Freight Inc.*, No. CV11-0961 PHX DGC, 2013 WL 105225, at *3 (D. Ariz. Jan. 9, 2013) ("[P]laintiffs were entitled to rely on the 'critical' purpose of Rule 26(a)(1)(A)—to inform [them] which witnesses and documents the disclosing party may use to support its claim or defenses." (quotation omitted)). Absent that disclosure, Syngenta did not have the "opportunity to conduct relevant discovery and formulate their case strategy to account for this evidence." *Id.*

### 3. The failure to disclose was not substantially justified.

#### a. Willowood Employees

Willowood asserts that it believed "formal supplementation of its discovery responses and initial disclosures was not necessary" to disclose to Syngenta that Matt Heinze, Rajesh Jain, or Sophia Wang were likely to be witnesses. Doc. 226 at 24. For the reasons discussed *supra*, this inaccurate belief does not justify Willowood's late disclosure and Willowood has not met its burden to show a substantial justification. *See Hoyle*, 650 F.3d at 330.

8

### b. CAC Witnesses and Documents

Willowood contends that it only recently received the new third-party documents in the ordinary course of business and that these documents could not have been disclosed early. *See* Doc. 256 at 4. Whether there are suppliers of non-infringing azoxystrobin has been an issue since the beginning of this case, and during this case CAC has repeatedly offered to supply Willowood with non-infringing azoxystrobin technical. *See* Doc. 99-2 at ¶¶ 14-20; Doc. 99-10 at 9. Despite this, Willowood never listed any CAC employees as potential witnesses or sought to investigate whether CAC might have additional helpful evidence to support Willowood's claims. If Willowood intended to rely on evidence from CAC, it should have investigated CAC's claims and disclosed that evidence earlier, so that Syngenta would not have been unfairly surprised.

### c. Tai He Employees and Documents

Tai He's manufacturing process for azoxystrobin technical has been front and center in the dispute over the process patents since early in the case. *See* Doc. 96-5 at 12 (seeking information on the manufacturing process); Doc. 96-6 at 13 (seeking information on any suppliers); Doc. 56-1 (redacted at Doc. 58-2 at 14-15) (disclosing Tai He as a source for azoxystrobin technical). Indeed, in its initial disclosures, Willowood disclosed Tai He as an entity which might have relevant information on how its azoxystrobin technical is manufactured. Doc. 118-2 at 4-5. However, as noted *supra*, it did not disclose any Tai He employees as potential witnesses to support its defenses, nor did it timely disclose the documents at issue.

Willowood contends it was justified in updating its late disclosures after the Court shifted the burden to Willowood to prove non-infringement of the '761 Patent under 35 U.S.C. § 295. *See* Doc. 256-1 at ¶ 7 (describing Willowood's "redoubled" efforts to obtain documents from Tai He after learning of the Court's intention to shift the burden). To the extent Willowood seeks to use this evidence to prove non-infringement of the '138 patent, this change in circumstances provides no justification; the '138 patent was not implicated by the burden shift.

As to the '761 patent, however, the Court recognizes that the evidence necessary to overcome a presumption of infringement may be more extensive than the evidence necessary to merely defend against an allegation of infringement. However, Willowood has known that Syngenta sought to shift the burden to prove non-infringement to Willowood since October 31, 2016. *See* Doc. 98 at 37. It did not update or seek leave to update its disclosures to indicate that it might rely on documents and witnesses from Tai He if the burden were shifted. Only after the Court informed the parties of its likely decision, some seven months after the close of fact discovery and four months after Willowood had learned of Syngenta's intentions, did Willowood begin to get serious about its efforts to obtain this information from Tai He. *See* Doc. 256-1 at ¶¶ 6-9. Even then Willowood did not seek to amend its disclosures. Willowood's late disclosure of documentary evidence and witnesses is not substantially justified because it delayed obtaining the relevant evidence for months after the risk of this burden-shift was clear.

**4. The late disclosure is not harmless.**

While exclusion is the presumed sanction, the Court has discretion to determine what sanction is appropriate. *See* Fed. R. Civ. P. 37(c) (authorizing other sanctions instead of exclusion, including "payment of the reasonable expenses . . . caused by the failure," "inform[ing] the jury of the party's failure," or "other appropriate sanctions").

Here, the Court has considered whether other sanctions besides exclusion would minimize or prevent any unfair prejudice to Syngenta while still allowing Willowood to present the evidence. Among the possibilities the Court has considered are requiring Syngenta to produce affidavits from the new witnesses, to produce the new witnesses for deposition at a place selected by Syngenta and at Willowood's expense, to reopen discovery, to inform the jury of Willowood's failure to timely disclose the witnesses and documents, and a combination of these things.

All of these alternatives have serious negative consequences. Affidavits are of limited value and do not allow Syngenta to evaluate a witness's demeanor, an important aspect of credibility, or to probe weaknesses or gaps in the affidavit. The trial is just a few weeks away, and it would be a serious distraction to all parties' trial preparations to have to prepare for, take, and defend any depositions. The documents and witness testimony are likely to result in new testimony from Syngenta's experts, whose reports would have to be supplemented. An instruction to the jury is likely to interject additional confusing issues related to discovery into the trial. None of these alternatives cure the harm to Syngenta arising from its reliance on Willowood's pretrial disclosures in formulating its trial and discovery strategy.

The Court concludes none of these alternatives, singly or taken together, adequately protect Syngenta from unfair prejudice caused by the last-minute surprise disclosures of these witnesses and documents.

It is **ORDERED** that:

1. Syngenta's Motions in Limine Numbers 8 and 11, Doc. 213, and its Motion in Limine Number 13, Doc. 242, are **GRANTED in part and Willowood is precluded from:**

    a. Offering the testimony of Matt Heinze, Rajesh Jain, Sophia Wang, Ann Tillman, Cathy Zhu, Fei Wang, Felix Chen, Vince Miata, Chen Ming, Chiu Zhenghong, or Mr. Li.

    b. Offering new documents from third-parties or from Tai He.

2. Because Syngenta withdrew its motion in limine as to Andy King, as to him the motion is **DENIED** and Willowood may offer his evidence at trial.

This the 2nd day of August, 2017.

_____
UNITED STATES DISTRICT JUDGE