IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| SYNGENTA CROP PROTECTION, LLC, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | )  1:15-CV-274 ) |
| WILLOWOOD, LLC, WILLOWOOD USA, LLC, WILLOWOOD AZOXYSTROBIN, LLC, and, WILLOWOOD LIMITED, | ) ) ) ) ) ) |
| Defendants. | ) ) |

## **ORDER**

The Court has reviewed the parties' proposed judgments and related briefing. The Court finds and concludes that:

1. There is no evidentiary basis for a finding that Willowood Limited infringed the '761 patent. The jury found in connection with the compound patents that Willowood Limited did not import azoxystrobin technical into the United States or otherwise sell it or offer it for sale in the United States. Neither party asked the court to submit a separate issue as to Willowood Limited's infringement of the '138 patent or the '761 patent, and the Court concludes that the parties implicitly agreed to resolve Willowood Limited's liability for the process patents based on the answer to the importation question which was first on the verdict sheet. *See, e.g.*, Doc. 302 at 29.

2. There is no persuasive basis for a finding that the jury's damage award for infringement of the '761 patent was limited to royalty damages for infringement occurring before July 2016. Syngenta had the burden of proof to show its damages, including a reasonable royalty. It presented no evidence as to a reasonable royalty. The jury presumably based its finding on Willowood's reasonable royalty evidence presented by Mr. John Jarosz. He did not testify that his royalty calculations stopped at any particular time. The jury is presumed to have compensated Syngenta for all of its reasonable royalties leading up to the verdict. To the extent Mr. Jarosz's testimony was based on calculations ending with July 2016 sales, Syngenta was obligated to, but did not, present this evidence at trial and the Court will not give Syngenta a second chance to prove royalty damages.

3. The Court finds and concludes that Syngenta is entitled to prejudgment interest. The parties shall immediately confer as to the appropriate amount, and if they agree, they shall file a Joint Submission no later than October 20, 2017. If they do not agree, Syngenta shall file a motion in support of its calculations no later than October 20, 2017, with a proposed order attached. The brief in support is limited to 3,500 words. Willowood shall respond and provide its proposed order no later than October 27, 2017, with the same word limit as to the brief. Syngenta may reply no later than November 1, 2017, and is limited to 1,750 words.

4. Syngenta contends that it is entitled to post-verdict infringement damages as to the '761 patent through the date a permanent injunction is entered. *See* Doc. 328 at 9. There appears to be merit to this contention.

    a. The parties shall immediately confer about whether Syngenta is entitled to a permanent injunction and the form of such an injunction. Absent an agreement, if Syngenta intends to ask for a permanent injunction, it shall do so by motion filed no later than October 20, 2017. The motion shall be accompanied by a proposed Permanent Injunction and a brief in support limited to 3,500 words. No later than October 30, 2017, Willowood shall respond with a brief in opposition limited to 3,500 words, which shall be accompanied by its alternative proposed Permanent Injunction. Syngenta's reply brief is limited to 1,750 words and shall be filed no later than November 3, 2017.

    b. The parties shall immediately attempt to negotiate a resolution of the amount of post-verdict royalties owed. If those efforts fail, they shall confer about the best process to resolve the amount of any post-verdict royalties and shall file a Joint Submission no later than November 1, 2017. To the extent the parties do not agree, the Joint Submission shall include each party's position and proposal, limited to 4,000 words total.

5. The Court encourages the parties to work together to resolve all of these remaining issues, which are overwhelmingly in the nature of housekeeping

problems, without the time and expense of court involvement. To the extent the parties are unable to agree, the Court intends to move the matter expeditiously towards final resolution and the parties should not expect motions for extension of time to be granted.

6. Attached is a judgment in the form the Court anticipates entering, once these remaining issues are resolved. The form of the judgment is subject to revision should Syngenta not file a motion for permanent injunction, should that motion be denied, or should the parties agree otherwise. If the Court has not addressed any issue in dispute as to the form of the judgment, any other issue requiring the Court's attention before judgment can be entered, or any claim for relief not yet resolved, or should the draft judgment contain a typo or clerical error, the parties shall bring the matter to the Court's attention immediately by email to the Court's case manager.

**SO ORDERED**, this 3rd day of October, 2017

UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SYNGENTA CROP PROTECTION, LLC, | ) ) ) ) | |
| *Plaintiff*, | ) ) ) | |
| v. | ) ) | 1:15-CV-274 |
| WILLOWOOD, LLC, WILLOWOOD USA, LLC, WILLOWOOD AZOXYSTROBIN, LLC, and, WILLOWOOD LIMITED, | ) ) ) ) ) ) | |
| *Defendants*. | ) ) | |

## **FINAL JUDGMENT**

WHEREAS, on March 27, 2015, Plaintiff Syngenta Crop Protection, LLC ("Syngenta") filed a Complaint in this Court against Defendants Willowood, LLC; Willowood USA, LLC; Willowood Azoxystrobin, LLC; and Willowood Limited (collectively, "Defendants"), Doc. 1;

WHEREAS, Counts I though IV of Syngenta's Complaint alleged the Defendants infringed Syngenta's U.S. Patent Nos. 5,602,076 ("the '076 Patent") (Count I), 5,633,256 ("the '256 Patent") (Count II), 5,847,138 ("the '138 Patent") (Count III) and 8,124,761 ("the '761 Patent") (Count IV) (collectively, the "Syngenta's Patents");

WHEREAS, a jury trial of this matter was conducted from September 5, 2017, through September 13, 2017 regarding Counts I though IV and the Defendants' defenses

to those claims;

WHEREAS, on September 13, 2017, the jury returned a verdict by responding to certain questions asked of it on a verdict form, Doc. 319, as follows:

1. Did Syngenta prove that Willowood Limited imported azoxystrobin technical into the United States or otherwise sold or offered for sale azoxystrobin technical in the United States?

    Answer: No, in favor of Willowood Limited

2. What damages has Syngenta proven it is entitled to recover for infringement of the Compound Patents by the Defendants?

    Amount: $75,600.00

3. Has Syngenta proven that the infringement of the Compound Patents by the Defendants was willful?

    Answer: No, in favor of Willowood USA and Willowood LLC

    Answer: No, in favor of Willowood Limited

4. Did Syngenta prove that the same entity carried out both the etherification and condensation reactions used to manufacture the Defendants' azoxystrobin technical, or, if not, that the Defendants directed or controlled the entities that carried out the etherification and condensation reactions used to manufacture the Defendants' azoxystrobin technical?

    Answer: No, in favor of Willowood

*[The jury did not answer questions 5 and 6, per the instructions on the verdict form.]*

7. Did the Defendants prove that the condensation reaction used to manufacture its azoxystrobin technical is not performed in the presence of between 0.1 and 2.0 mol % DABCO?

    Answer: No, in favor of Syngenta

8. What amount of additional damages, if any, has Syngenta proven it is entitled to recover for any infringement of the '761 DABCO Patent by the Defendants?

    Amount: $900,000.00

9. Did the Defendants prove that the '761 DABCO Patent is invalid?

    Answer:     No, in favor of Syngenta

AND WHEREAS, the Court has previously entered certain other rulings in this case in connection with the parties' summary judgment motions, motions to dismiss, motions in limine, and other motions. Docs. 74, 141, 150.

NOW THEREFORE, in accordance with the Court's prior rulings and the jury's verdict of September 13, 2017, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.     Judgment is entered in favor of Willowood Limited as to all claims;

2.     Syngenta's '076 Patent and '256 Patents are not invalid;

3.     Willowood, LLC and Willowood USA, LLC infringed, and owe damages for their infringement of, the '076 Patent and '256 Patents;

4.     Syngenta shall recover $75,600 jointly and severally from Willowood, LLC and Willowood USA, LLC for their infringement of the '076 and '256 Patents;

5.     The '138 Patent is not invalid;

6.     The Defendants have not infringed the '138 Patent;

7.     Syngenta's '761 Patent is not invalid;

8. Willowood, LLC and Willowood USA, LLC have infringed, and owe damages, for their infringement of, the '761 Patent;

9. Syngenta shall recover $900,000 jointly and severally from Willowood, LLC and Willowood USA, LLC for their infringement of the '761 Patent up to the date of the verdict and $_____ for infringement from the date of verdict through the date the permanent injunction was filed on [date];

10. Syngenta shall recover pre-judgment interest on the judgment amounts in the sum of $_____;

11. Syngenta shall recover post-judgment interest on the judgment amounts set forth herein, as allowed by law;

12. Syngenta's copyright claims as set forth in Counts V and VI of its Complaint are dismissed with prejudice pursuant to the Court's April 10, 2017, Order, Doc. 150; and

13. Syngenta's claim of unfair and deceptive trade practices under N.C. Gen. Stat § 75-1.1 is dismissed with prejudice pursuant to the Court's August 12, 2016, Order. Doc. 74.

This ____ day of _____, 2017

_____
UNITED STATES DISTRICT JUDGE