IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SYNGENTA CROP PROTECTION, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:15-CV-274 |
| WILLOWOOD, LLC, WILLOWOOD USA, LLC, WILLOWOOD AZOXYSTROBIN, LLC, and WILLOWOOD LIMITED, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

The plaintiff, Syngenta Crop Protection, LLC, prevailed at trial on its claim that Willowood USA, LLC and Willowood, LLC (hereinafter Willowood) infringed Syngenta's U.S. Patent No. 8,124,761 (the '761 Patent). *See* Doc. 319, Issues 7 and 8. Syngenta now seeks a permanent injunction restraining Willowood from future infringement. Doc. 340. Willowood seeks an order allowing it to use infringing azoxystrobin technical imported before the jury's verdict. Doc. 338.

The Court finds as a fact that:

1. Syngenta and Willowood are direct competitors in the sale of fungicides containing azoxystrobin. Syngenta has been selling azoxystrobin fungicides for years. Willowood entered the market with generic azoxystrobin fungicides in approximately 2014.

2. Willowood's azoxystrobin fungicide products are manufactured using azoxystrobin technical made by a process protected by Syngenta's valid and unexpired '761 Patent.

Willowood imported the azoxystrobin technical, used it to formulate and manufacture its fungicides, and sold those fungicides in the United States, thus infringing Syngenta's '761 Patent.

3. The process set forth in the '761 Patent provides a higher yield with fewer impurities using lower and safer temperatures than previous production methods. Previous production methods thus had higher costs. Azoxystrobin technical manufactured by the '761 process does not result in fungicide products that are more desirable to the customer, except to the extent it allows the seller to reduce the price. Price is important to buyers.

4. The jury rejected Willowood's evidence that it did not use azoxystrobin made with the '761 process and Willowood has presented no specific evidence that azoxystrobin made by a non-infringing process is easily available on the market.

5. Willowood sells its azoxystrobin fungicides at lower prices than Syngenta sells its azoxystrobin fungicides. While there are other generic sellers of azoxystrobin fungicides, they have a very small market share.

6. Willowood's infringement has caused Syngenta irreparable harm, in that Syngenta lost sales and had to lower its prices to meet Willowood's generic prices, resulting in price erosion. Even with an injunction, Syngenta will not be able to raise its prices back to pre-infringement levels. Without an injunction, prices are likely to erode further and Syngenta's reputation would be harmed to some extent if its customers believe it does not enforce its intellectual property rights.

7. Syngenta has not licensed the '761 Patent to any other users and maintains exclusivity.

8. There are potential regulatory hurdles that any competitor not using the '761 patented process might have to meet, which may delay entry into the market.

9. Syngenta's monetary damages for price erosion are difficult to quantify and prove with specificity, as the jury's verdict rejecting Syngenta's damages calculations shows. The evidence at trial was compelling that Syngenta suffered some lost sales and price erosion damages as a result of Willowood's infringing sales, even though those damages were not proven as to amount. As time passes the difficulty increases.

10. It would infringe the '761 Patent for Willowood to use the azoxystrobin technical Willowood imported before the jury verdict by formulating or selling it.

11. Monetary damages are insufficient to fully compensate Syngenta for its injuries. They would not fully compensate Syngenta for lost sales, loss of market share, or for price erosion. The damages to Syngenta are caused by the sale, not the importing.

12. Without an injunction, Syngenta will be forced to compete with its own patented technology and will have increased difficulty in otherwise enforcing its patent rights against other infringers. Every sale by Willowood is a sale that Syngenta cannot make and further price erosion is likely. These are significant hardships.

13. If an injunction is entered, Willowood will suffer minimal hardships going forward, as it will be prohibited only from importing or selling azoxystrobin manufactured using the infringing process. If Willowood wants to stay in the azoxystrobin fungicide market, it can do so without infringing; there is a known non-infringing process that Willowood can use, if it is willing to bear the costs of developing a supplier and meeting any regulatory requirements. While Willowood will incur a significant financial loss in connection with

azoxystrobin it has already imported and that it cannot use, that is a loss that fairly falls on Willowood, which is the infringing party.

14. Balancing the hardships weighs in Syngenta's favor.

15. The public interest is served by protection and enforcement of Syngenta's patent rights. There are numerous other non-azoxystrobin fungicide products available on the market, so the public will still have many choices. Enforcement of Syngenta's property rights will not impede or undermine public health or safety.

16. The '761 Patent expires on April 15, 2029.

Based on these findings of fact, the Court concludes that Syngenta has met its burden and is entitled to a permanent injunction. The Court further concludes that Willowood should not be allowed to use the azoxystrobin technical previously imported to manufacture fungicide products or to sell any such fungicide products, as such actions would constitute new acts of infringement causing new and additional damages not taken into account by the jury's verdict.

It is **ORDERED** that Syngenta's motion for a permanent injunction, Doc. 340, is **GRANTED**. The injunction will be entered separately.

It is further **ORDERED** that Willowood's motion to sell azoxystrobin imported into the United States before the jury's verdict, Doc. 338, is **DENIED**.

This the 20th day of November, 2017.

UNITED STATES DISTRICT JUDGE