IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SYNGENTA CROP PROTECTION, LLC, | ) ) ) ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) | 1:15-CV-274 |
| WILLOWOOD, LLC, WILLOWOOD USA, LLC, WILLOWOOD AZOXYSTROBIN, LLC, and, WILLOWOOD LIMITED, | ) ) ) ) ) ) | |
| *Defendants.* | ) ) | |

## FINAL JUDGMENT

WHEREAS, on March 27, 2015, the plaintiff Syngenta Crop Protection, LLC ("Syngenta") filed a Complaint in this Court against the defendants Willowood, LLC; Willowood USA, LLC; Willowood Azoxystrobin, LLC; and Willowood Limited (collectively, "Defendants"), Doc. 1;

WHEREAS, Counts I though IV of Syngenta's Complaint alleged the Defendants infringed Syngenta's U.S. Patent Nos. 5,602,076 ("the '076 Patent") (Count I), 5,633,256 ("the '256 Patent") (Count II), 5,847,138 ("the '138 Patent") (Count III) and 8,124,761 ("the '761 Patent") (Count IV);

WHEREAS, a jury trial of this matter was conducted from September 5, 2017, through September 13, 2017 regarding Counts I though IV and the Defendants' defenses to those claims;

WHEREAS, on September 13, 2017, the jury returned a verdict by responding to certain questions asked of it on a verdict form, Doc. 319, as follows:

1. Did Syngenta prove that Willowood Limited imported azoxystrobin technical into the United States or otherwise sold or offered for sale azoxystrobin technical in the United States?

    Answer: No, in favor of Willowood Limited

2. What damages has Syngenta proven it is entitled to recover for infringement of the Compound Patents by the Defendants?

    Amount: $75,600.00

3. Has Syngenta proven that the infringement of the Compound Patents by the Defendants was willful?

    Answer: No, in favor of Willowood USA and Willowood LLC

    Answer: No, in favor of Willowood Limited

4. Did Syngenta prove that the same entity carried out both the etherification and condensation reactions used to manufacture the Defendants' azoxystrobin technical, or, if not, that the Defendants directed or controlled the entities that carried out the etherification and condensation reactions used to manufacture the Defendants' azoxystrobin technical?

    Answer: No, in favor of Willowood

*[The jury did not answer questions 5 and 6, per the instructions on the verdict form.]*

7. Did the Defendants prove that the condensation reaction used to manufacture its azoxystrobin technical is not performed in the presence of between 0.1 and 2.0 mol % DABCO?

    Answer: No, in favor of Syngenta

8. What amount of additional damages, if any, has Syngenta proven it is entitled to recover for any infringement of the '761 DABCO Patent by the Defendants?

Amount: $900,000.00

9. Did the Defendants prove that the '761 DABCO Patent is invalid?

Answer: No, in favor of Syngenta

AND WHEREAS, the Court has previously entered certain other rulings in this case in connection with the parties' summary judgment motions, motions to dismiss, motions in limine, and other motions. Docs. 74, 141, 150.

NOW THEREFORE, in accordance with the Court's prior rulings and the jury's verdict of September 13, 2017, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. Judgment is entered in favor of Willowood Limited as to all claims;

2. Syngenta's '076 Patent and '256 Patent are not invalid;

3. Willowood, LLC and Willowood USA, LLC infringed, and owe damages for their infringement of, the '076 Patent and '256 Patents;

4. Syngenta shall recover $75,600 jointly and severally from Willowood, LLC and Willowood USA, LLC for their infringement of the '076 and '256 Patents;

5. The '138 Patent is not invalid;

6. The Defendants have not infringed the '138 Patent;

7. Syngenta's '761 Patent is not invalid;

8. Willowood, LLC and Willowood USA, LLC have infringed, and owe damages for their infringement of, the '761 Patent;

9. Syngenta shall recover $900,000 jointly and severally from Willowood, LLC and Willowood USA, LLC for their infringement of the '761 Patent up to the date of the verdict;

10. Syngenta shall recover pre-judgment interest on the judgment amounts in the sum of $48,000;

11. Syngenta shall recover post-judgment interest on the judgment amounts set forth herein, as allowed by law;

12. Syngenta's copyright claims as set forth in Counts V and VI of its Complaint are dismissed with prejudice pursuant to the Court's April 10, 2017, Order, Doc. 150; and

13. Syngenta's claim of unfair and deceptive trade practices under N.C. Gen. Stat § 75-1.1 is dismissed with prejudice pursuant to the Court's August 12, 2016, Order. Doc. 74.

14. A permanent injunction is being entered concomitantly herewith.

This the 20th day of November, 2017.

                                               UNITED STATES DISTRICT JUDGE